The Chicago and Northwestern Railway Co.

*v.*

The People *ex rel.* H. B. Miller, Collector.*

1. Cook county—*under township organization.* The county of Cook is under the township organization law, and the acts of the officers of the township and county in acting under such law in assessing property, levying taxes and collecting the same are not void.

2. Special assessments—*collector's oath.* The collector's oath, in an application for judgment against lands for special assessments, attached to his report, that it is a true and correct record of delinquent lands and lots in the village of E, within the county of C, upon which he has been unable to collect the special assessments, printer's fees and other costs charged therein, as required by law, for the year therein set forth—that said special assessments now remain due and unpaid, as he verily believes—was held sufficient. There being no taxes, it was not necessary to state that the application was for the sale of the lands for *taxes* and assessments.

3. Same—*omission of tract does not defeat the application for judgment.* While the Revenue Law may demand correctness in a proceeding for judgment against delinquent lands, still it was never designed that the whole taxes and assessments should be defeated by the mere omission of a tract of land or a lot from the list.

4. Same—*confirmation conclusive.* The confirmation of a special assessment by the county court upon the report of the commissioners, is conclusive until reversed. It is *res adjudicata,* and can not be questioned on application for judgment.

Appeal from the County Court of Cook county; the Hon. Martin R. M. Wallace, Judge, presiding.

Mr. Edward Roby, for the Chicago and Northwestern Railway Company.

Messrs. Tuley, Stiles & Lewis, for Sarah M. Baker and W. M. Derby.

Messrs. Bennett, Kretzinger & Veeder, for the appellant William Lamb.

Mr. George O. Ide, for the appellee.

---

* The following cases are also considered in this opinion: *Sarah M. Baker* v. *The People ex rel. Miller; W. M. Derby* v. *The Same;* and *William Lamb* v. *The Same.*

Mr. Justice Walker delivered the opinion of the Court:

There has been filed a number of records, presenting, some of them, all, and others a portion of the same questions, and, as a matter of convenience, we shall consider them all in one opinion. In doing so, we deem it unnecessary, in discussing any question, to refer to the record to which it is only applicable.

Appellants urge that Cook county is not acting under township organization, and hence there are no means provided by law for collecting the revenue and special assessments; that the various officers of the towns and the county, in acting under the township organization law of the State, in assessing property, levying the tax, collecting it, and in making sale for delinquent taxes, are, and have been, proceeding without warrant of law, and all of their acts are unlawful and void. This, though not in terms so stated, we understand to be the position, although not made very clear by the argument.

The same question was presented by the same counsel in the case of *The People* v. *Brislin*, 80 Ill. 423, and it was discussed at length, and the objection was there held to be groundless.

It is urged that the oath of the collector is insufficient and fails to comply with the law. It is this:

"I, Henry B. Miller, collector of the county of Cook, State of Illinois, do solemnly swear that the foregoing is a true and correct record of the delinquent lands and lots in the village of Evanston, within the county of Cook, upon which I have been unable to collect the special assessments, printer's fees and other costs charged thereon, as required by law, for the year therein set forth; that said special assessments now remain due and unpaid, as I verily believe."

We give the body of the affidavit, which was under a proper venue, was signed and properly sworn to by the collector.

The objection, as we understand it, is, that it fails to state that the application is for the sale of the lands for taxes and assessments. It is only necessary to say, if we properly understand the objection urged, that there were no taxes claimed

to be due, hence the oath would have been false, if it had so stated.

It is insisted, that the affidavit states that the list shows the total amount of special assessments for the year, and yet it is made in several cases as to the same land in one year. We fail to find, in the list of lands returned, that they have been several times assessed, and that such assessments appear in several places in the list. We have turned to the transcript of the record in each of these cases, and fail to find a bill of exceptions in either; nor do they disclose the objection urged, nor do the facts appear that are assumed. Hence we infer that the argument is intended for some other case. Nor does the affidavit state anything in reference to the total amount of the assessment, nor can we infer from its language that the assessment was made in several cases as to the same land. It simply states, as the statute requires, that he had returned the lands and lots, and had been unable to collect the special assessments, etc., thereon, as required by law, for the year set forth in the list, and that the assessments remain due and unpaid, as he believes. So the objection, if it exists, is not in the record.

Counsel says: "An incomplete record of the delinquent lands is not a correct one, and is not a compliance with section 188." When we have examined the transcript of the records in these cases, we fail to see upon what counsel bases the objection. If reference is made to the transcripts of the records in these cases, we fail to see that the recorded list was either incomplete or incorrect. If such was the fact, then it should have been made to appear. On turning to that section of the Revenue Law, and comparing the collector's return with it, we fail to find any non-compliance by the collector with its requirements. That section does not say anything, in terms, in reference to a complete or a correct list, but simply requires the collector to file a list of delinquent lands and lots with the county clerk, which shall be made out in numerical order, etc. Whilst the law, no doubt, demands correctness in such proceedings, it could never have designed that the whole

taxes and assessments should be defeated by the mere omission of a tract of land or a lot from this list. But the affidavit does state that it is a true and correct record of the delinquent lands, as section 190 of the Revenue Law requires.

In *Brislin's case* it was held, that the confirmation by the county court of the report of the commissioners who made the assessment was conclusive, until reversed. The finding and judgment of the court thereby became *res adjudicata*, and can not be again inquired into or questioned collaterally by parties or privies. In these cases there was a confirmation, and that decision is conclusive of that question. If irregular, appellants should have made the objection in the county court before the assessment was confirmed.

We, upon an examination of all the questions presented on these records, fail to perceive any error, and the judgments must be affirmed.

*Judgments affirmed.*