CITY OF ST. LOUIS, *Appellant*, v. THE EXCELSIOR BREWING COMPANY.

1. **Practice in Supreme Court:** EXCEPTIONS TO EVIDENCE: MOTION FOR NEW TRIAL. Where the rulings of the trial court upon the introduction of evidence are not made a ground of complaint in the motion for new trial, they will not be reviewed in the appellate court.

2. **City of St. Louis:** WIDENING STREET: BENEFITS: SPECIAL TAX-BILL. Whether one's property was benefited and to what extent it was benefited by the widening of a street in the city of St. Louis is settled and determined by the report of the commissioners appointed in the proceeding to condemn the property for that purpose, and is not open to fresh inquiry in a suit on the special tax-bill issued because of the benefits so assessed against it. (*Affirming City of St. Louis v. Ranken, ante, p. 497.*)

3. ———: ———: ———: ———. The report of the commissioners is the only evidence of the amount of the benefits, in the absence of any provision making the tax-bill *prima-facie* evidence of the matters stated therein.

4. ———: ———: ———: ———. The fact that the plaintiff, in a suit upon the tax-bill, based the instructions given for it upon the erroneous supposition that the jury could fix and assess the benefits, will not cure the error in excluding the report of the commissioners.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Leverett Bell* and *T. H. Culver* for appellant.

*G. M. Stewart* for respondent.

BLACK, J.—This is a suit on a special tax-bill issued by the comptroller of the city of St. Louis, because of benefits assessed against defendant's property by commissioners appointed, in a proceeding in the St. Louis circuit court, to condemn property for the purpose of widening Eighteenth street from Clark avenue northwardly for a distance of about one hundred and ninety-one feet. The commissioners assessed the benefits at one thousand and ninety-three dollars, and the tax-bill is for that amount. There was a verdict and judgment for the plaintiff, but it is for three hundred dollars only, and the plaintiff appealed.

Some exceptions were taken by the plaintiff to the introduction of evidence by the defendant, but since these rulings are not made a ground of complaint in the motion for a new trial, we cannot consider them here.

The court, by the second instruction given at the request of defendant, told the jury that in making up the amount of their verdict they should disregard the report of the commissioners, made in the suit to condemn property for widening Eighteenth street. In this the court erred. The questions whether the defendant's property was benefited and to what extent it was benefited by the widening of the street, are settled and determined by the report of the commissioners, and are not open to fresh inquiry in a suit on the special tax-bill. This we held in the recent case of *City of St. Louis v. Ranken, ante,* p. 497. The tax-bill sued on in that case and the one sued on in this case were issued on the same report. The report of the commissioners, instead of being disregarded by the jury, should have been taken as the only evidence of the amount of the benefits. This is so, unless there is some provision which makes **the**

tax-bill *prima-facie* evidence of the matters stated therein, and of this we are not advised.

The instruction given at the request of the plaintiff seems to be based upon the erroneous supposition that the jury in this suit could fix and assess the benefits, but that does not cure the error in excluding the report. With these conclusions we need not examine the fourth instruction given at the request of defendant, in which it would seem there must be some clerical error.

The judgment is reversed and cause. remanded. RAY, J., dissents, the other judges concur.