SAMUEL S. GREELEY

v.

THE TOWN OF CICERO.

*Filed at Ottawa October 26, 1893.*

1. SPECIAL ASSESSMENTS—*supplemental—for local public improvements by cities, etc.*   The authorities of cities and villages, under the guise of a supplemental assessment, can not impose upon the property assessed a greater burden than the benefits accruing to it from the proposed improvement, or cast upon it more than its just proportion and share of the total cost of the improvement made by the municipality.

2. SAME—*power of court on application to confirm.*   On objection to an application to confirm special assessments by a city or village, if it shall appear that the premises of the objector are assessed more or less than they will be benefited, or more or less than their proportionate share of the cost of the improvement, the court or jury is required to so find, and to find the amount for which such premises ought to be assessed.

3. SAME—*finding of court conclusive as to just proportion of costs and expenses.*   On application for the confirmation of an original assessment the court found that an objector's land was assessed more than its just proportion of the cost of the improvement, and found what its just share was, and that it was no more : *Held*, that such judgment was conclusive as to the question decided by it, and that on a supplemental assessment to make up a deficiency of funds, to complete the proposed improvement, the property holder had the right to show such judgment in bar of any attempt to assess his property above its just proportion of the whole cost as found by the court.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

On the 29th of October, 1892, the board of trustees of the town of Cicero passed an ordinance providing for the levy of a supplemental assessment, to cover a deficiency in an assessment theretofore made, for an out-fall sewer on Ridgeland avenue, and two main sewers tributary thereto, in said town, in pursuance of an ordinance passed by said board December 5, 1891.   The ordinance providing for the supplemental

assessment of benefits, after reciting the passage of the original ordinance, recites that the commissioners appointed in said original ordinance to make an estimate of the cost of the said improvement, including cost of making and levying the assessment, on the 19th day of December, 1891, returned an estimate thereof at $348,943.05, which was approved, and that on petition of the town to the county court of Cook county, commissioners were appointed to estimate what proportion of the total cost of said improvement would be of benefit to the public and what proportion would be of benefit to the property abutting, and to apportion the same between said town and such property, so that each should bear its relative equitable proportion; that the commissioners took the oath required by law, and having found said amounts, assessed and apportioned the amount found to be of benefit to the property upon the several lots, blocks, tracts, etc., in the proportion in which they would be severally benefited by said improvement, and duly made return of the assessment roll, etc. The ordinance then recites that objections by sundry parties were filed in said court against said assessment, and that "upon the trial of said objections the court modified said assessment roll * * * so that the property described in said assessment roll should bear its just and proportionate share of the estimated cost of the said proposed improvement, and did thereby reduce the amount which by said commissioners, in said assessment roll, was assessed to and upon the property benefited by said proposed improvement, to a large amount, to-wit, $57,541.51," and reciting, also, that upon letting the contracts for making and completing said improvement it was found that the amount of said assessment, as so modified, was insufficient to pay the cost and expenses of making said improvement, including the cost of making and levying the assessment, etc. It is then ordained that a supplemental assessment be made to cover the cost of said improvement over and above the amount of the original assessment, including the cost of making and levying

the supplemental assessment, upon the property benefited, etc., to the amount that may be legally assessed therefor,— the remainder by general taxation. The ordinance then provides for the collection of the special assessment in installments, appoints commissioners to make an estimate of the cost and expense of completing said improvement, and the cost of levying and assessing, etc.

The commissioners, being duly sworn, returned the estimated cost of completing the work and levying and collecting the assessment at $55,360.34, which was duly approved by the board of trustees of said town. Petition was presented to the county court, commissioners appointed to spread the assessment, who made and returned an assessment roll finding the amount which should be apportioned to the town of Cicero twenty-nine cents, and apportioned to the property to be benefited, including that of appellant, $55,360.05.

Objections were filed to the confirmation of the assessment roll returned, by the appellant and others. Among those filed by objector Greeley was, that his land had already, under the original assessment, been assessed its full proportionate share of the cost of said improvement, and that by the judgment of the court in the original assessment proceeding, on trial of objections filed in that proceeding by said objector, the full proportionate share of the total cost of said improvement was assessed and fixed to and upon his land. Objector offered in evidence the original petition, etc., in the original assessment proceeding, with the report of the estimated cost of the improvement, the ordinance, and assessment roll returned, his objections thereto, the final judgment entered against his land, and certain other orders of the court. This evidence was objected to by the town, and the objection sustained.

The evidence offered showed that the total estimated cost of the improvement, including the levying of the assessment, was $348,943.05. The assessment roll returned, assessed the same against the property benefited, including the land of

objector.  The judgment offered in evidence showed that upon the trial of the objections of appellant, the court found that his property was assessed, in the assessment roll returned, more than its "just proportion of the cost of said improvement, and the court finds, from the evidence, that the just proportion of said cost which should be assessed on said premises (of objector) is the sum of $2679.75, and no more." It is then ordered that the assessment be reduced, as to said premises, to said sum, and the court in like manner, as to a large number of objectors, finds that the assessment of benefits returned against their properties, severally, exceeds the just proportion of the cost of the improvement which should be assessed to and upon their respective premises, finds what is the just proportionate share to be borne by the several premises, and modifies the assessment by reducing the same accordingly, the aggregate amount of such reductions being $57,541.51.  Thereupon, the court confirmed the assessment roll as modified.  The town objected to the introduction of such evidence.  The court sustained the objection and excluded it, and, finding against objector, rendered judgment confirming the supplemental special assessment.

Messrs. BAKER & GREELEY, and Mr. E. PARMALEE PRENTICE, for the appellant:

The town had no authority to make the supplemental assessment.  If, on the trial, it shall be found that any property objected for has been assessed more than it will be specially benefited, and the assessment is reduced for that reason, the effect is to increase the amount assessed to the municipality by the amount of that reduction.  The amount is not lost, but is simply assessed as public instead of private benefit. *Walters* v. *Town of Lake,* 129 Ill. 23; *Springfield* v. *Sale,* 127 id. 359.

The just proportion which should be assessed against any tract is determined by comparing the amount assessed against

such tract with the total amount specially assessed against private property. *Fagan* v. *Chicago*, 84 Ill. 227; *Bigelow* v. *Chicago*, 90 id. 49; *Watson* v. *Chicago*, 115 id. 78; *Sterling* v. *Galt*, 117 id. 11.

The judgment of confirmation in the original assessment proceeding was an estoppel, and precluded any further assessment of appellant's land.

The judgment as to appellant's land should have been admitted in evidence, and, when admitted, should have been held conclusive evidence to preclude the further assessment of appellant's land. *Goodwillie* v. *Lake View*, 137 Ill. 51; *Chicago* v. *People*, 56 id. 327.

Mr. FARLIN Q. BALL, Mr. E. J. WHITEHEAD, and Mr. WILLIAM J. DONLIN, for the appellee :

As to *res judicata* and estoppel by the former judgment, see City and Village act, secs. 162, 163, 164; *Chicago* v. *Ward*, 36 Ill. 9; *Chicago* v. *People*, 56 id. 327; *Butler* v. *Toledo*, 5 Ohio St. 225.

Of the right to pass a supplemental ordinance to complete the improvement, see *Springfield* v. *Mathus*, 124 Ill. 88.

The report of the commissioners as to the amount to be borne by the property specially benefited and the amount to be borne by the municipality is final and conclusive. *Walters* v. *Town of Lake*, 129 Ill. 29.

The record of the prior judgment was not offered in evidence, but only a mere abstract or index of the same. The rule requires a complete abstract of the record. *Santa Anna* v. *Tipton*, 10 Bradw. 310; *Israel* v. *Whitehall*, 2 id. 509; *Johnson* v. *Bantock*, 38 Ill. 111.

This court has repeatedly held that the action of the commissioners in determining the amount to be paid by the municipality in a special assessment proceeding is conclusive. *Walters* v. *Town of Lake*, 129 Ill. 23; *Bigelow* v. *Chicago*, 90 id. 53; *Fagan* v. *Chicago*, 84 id. 229.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

We are of opinion that the court erred in declining to admit the evidence showing the adjudication in the county court, determining that appellant's property was assessed its fair proportion of the cost of the proposed improvement and expense of levying and collecting the original assessment. The deficiency for which the supplemental assessment is proposed to be levied did not exist because the original estimate was insufficient to complete the improvement and pay the expense of levying and collecting the assessment, but because the court found and adjudged that appellant's premises, with others, were assessed more than their fair and just proportion of the cost of the improvement and of the levy and collection of the assessment. Upon the return of the original assessment roll, objection being made thereto by the owners of the property assessed, the court was authorized, at any time before final judgment, "to modify, alter, change, annul or confirm" the same, or might, in the language of the statute, "cause any such assessment to be re-cast by the same commissioners whenever it shall be necessary for the attainment of justice, or may appoint other commissioners in the place of all or any of the commissioners first appointed, for the purpose of making such assessment, or modifying, altering, changing or re-casting the same, and may take all such proceedings and make all such orders as will be necessary to make a true and just assessment of the cost of such improvement according to the principles of" the Cities and Villages act. (Rev. Stat. sec. 33, art. 9, chap. 24.) The 30th section of article 9 gives to persons interested the right to appear and file objections. The 31st section provides for the manner of hearing the same, which, it is provided, "shall be conducted as in other cases at law, and if it shall appear that the premises of the objector are assessed more or less than they will be benefited, or more or less than their proportionate share of the cost of the improvement,"

the jury, or the court sitting in place of a jury, are required to so find, and to find the amount for which such premises ought to be assessed, and judgment is to be rendered accordingly.

The question to be tried upon the objection to the original assessment roll filed by appellant, as shown by the offered evidence, was, whether, in the original assessment, appellant's premises were assessed more than their proportionate share of the cost of said improvement and the cost of levying and collecting the assessment. The court, after hearing the evidence, as it is recited in its judgment, found that said premises were, in and by the assessment roll returned, assessed more than their proportionate share of the cost of the improvement, and in accordance with the statute found the just proportion of the cost of said improvement, etc., which should be assessed upon said premises of appellant to be the sum of $2679.75, "and no more," and the assessment roll was modified accordingly, and judgment rendered confirming it thus modified. That the court had jurisdiction both of the parties and subject matter is not questioned, and its judgment was conclusive of the question determined. The only evidence before the court of the cost of the improvement was the estimate of such cost authorized by law to be made by the commissioners appointed in the ordinance to estimate the same, (Rev. Stat. sec. 20, chap. 24,) and which report the village council had approved. (Sec. 21, chap. 24.) The court not finding that the premises were assessed more than they were benefited, was required to so adjust the burthen that each piece or parcel of land should bear its just proportion of the cost of the improvement thus estimated. There was no other basis upon which the court could have apportioned the total cost among the properties affected.

The aggregate of the original assessment roll, as modified, and the supplemental assessment involved in this case, being less than the estimated cost of said improvement as returned

to and approved by the board of trustees of the town, it necessarily follows that the court, in its judgment of confirmation of the original assessment roll, found and adjudged that $2679.75, and no more, was chargeable against the property of appellant as its fair and just proportion of the cost of the improvement as estimated by the commissioners appointed to make the same, together with the cost of levying and collecting the assessment, and to permit the supplemental assessment to be made upon his land, is to charge upon it the amount of such supplemental assessment more than the court adjudged to be its just proportion of the total cost to be apportioned upon the lands and lots benefited by the proposed local improvement.

The 47th section of article 9 of the Cities and Villages act provides: "If, in any case, the first assessment prove insufficient, a second may be made in the same manner, as nearly as may be, and so on until sufficient moneys shall have been realized to pay for such public improvement. If too large a sum shall, at any time, be raised, the excess shall be refunded ratably to those by whom it shall be paid." "The first assessment" is that made by the commissioners appointed to distribute, as between the public and the property owners, the cost of the improvement, and in which they apportion among the several properties benefited their just and fair share of the total amount required to be borne by the private property. That is primarily determined by the commissioners appointed to apportion the estimated total cost of the improvement, and it is clearly contemplated that they shall apportion either to the public, to be borne by general taxation, or to the property benefited, or both, the entire estimated cost of the improvement proposed to be made. That was done in this case. In the original assessment $338,980.11 was apportioned to and assessed upon property benefited, and $9962.94 apportioned as benefit to the public and assessed to the town of Cicero, making the entire estimated cost of $348,943.05, as returned

by the commissioners appointed to make such estimate. As we have seen, of this sum apportioned and assessed upon private property benefited, the court deducted, in the aggregate, $57,541.51, for the reason that certain of the property, including appellant's premises, was assessed more than its just proportion of the total cost. The court, instead of requiring the assessment to be re-cast, and equalizing it by extending the sum deducted upon other property assessed less than its proportionate share, modified the assessment roll by reducing the assessments that were in excess, to their just and fair proportion of the whole. It is clear, as it seems to us, that the effect of the supplemental assessment would be to destroy the equal distribution contemplated by the statute, and make the property of appellant bear a portion of the burden that should have been borne by other property not assessed its fair and proportionate share. This can not be done. The same equality in the imposition of the burthen must be observed whether the money necessary to complete the improvement is raised by a first or supplemental assessment, and the court having jurisdiction of the parties and subject matter, its judgment apportioning the benefits and modifying and confirming the assessment roll is conclusive upon the parties. The municipal authority, under the guise of a supplemental assessment, can not impose upon the property assessed, a greater burthen than the benefits accruing to it from the improvement, or cast upon it more than its just proportion and share of the total cost of the improvement made by the municipality.

Other errors are assigned, but in the view taken, discussion of them is unnecessary.

The judgment of the county court is reversed, and the cause remanded.

*Judgment reversed.*