|152   575|
|203   330|

FREDERICK H. WICKETT *et al.*

*v.*

THE TOWN OF CICERO.

*Filed at Ottawa October 29, 1894.*

SPECIAL ASSESSMENTS—*former judgment admissible under supplemental petition.* Under a supplemental petition to confirm a further special assessment, it is error to exclude the former judgment showing the property was then assessed its fair proportion. *Greeley v. Town of Cicero,* 148 Ill. 632, followed.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

Mr. H. S. BOUTELL, Mr. WILLIAM J. AMMEN, Messrs. YOUNG, MAKEEL & BRADLEY, and Messrs. MONK & ELLIOTT, for the appellants.

Mr. FARLIN Q. BALL, Mr. E. J. WHITEHEAD, and Mr. WILLIAM J. DONLIN, for the appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from the judgment of the County Court, confirming a supplemental special assessment to cover a deficiency in an assessment previously made for an outfall sewer on Ridgeland Avenue, and two main sewers tributary thereto, in the town of Cicero. The

original ordinance was passed by the board of trustees of said town on December 5, 1891, and the proceeding thereunder is known as Cicero Special No. 299. The supplemental ordinance, known as Cicero Special No. 340, under which the present proceeding was conducted, was passed by said board on October 29, 1892. The supplemental ordinance here is the same as that described in *Greeley* v. *Town of Cicero,* 148 Ill. 632, and its provisions are there set forth. The assessment roll here is the same as that described there, and the commissioners therein apportioned the estimated cost of completing the work and levying and collecting the assessment, towit: $55,360.34 in the following manner, towit: to the town of Cicero twenty-nine cents and to the property to be benefited, including that of the present appellants, $55,360.05.

The appellants filed objections to the confirmation of the assessment roll in the county court, and among them were objections that in the former proceeding, No. 299, the property of each of them had been assessed its proportionate share of the then estimated cost of the improvement, "which is more than the present actual or estimated cost," and that, by the judgment of the court in the original assessment proceeding, the lands were charged with their proportionate share of the total cost of said improvement. The objectors, on the hearing of their objections, offered in evidence the original ordinance of December 5, 1891, the original petition, report of the commissioners, assessment roll, objections thereto, the final judgments, and other orders in the original assessment proceeding, all of which the court refused to admit. The offered evidence showed, that the total estimated cost of the improvement, including the levying of the assessment was $348,943.05. The assessment roll and judgment offered in evidence showed the same facts and findings in regard to the property of these appellants, as were shown in the *Greeley* case in regard to Greeley's land, except that the amounts assessed were different. The court

modified the assessment, and reduced the same, the aggregate amount of the deductions being $57,541.51, and confirmed the roll as modified.

It is evident, from the recital of the facts thus made, that the decision of this case must be governed by the decision made in *Greeley* v. *Town of Cicero, supra*. It must be held here, as it was held there, that the court erred in declining to admit the evidence showing the adjudication in the county court, determining that the property of these appellants was assessed its fair proportion of the cost of the proposed improvement and expense of levying and collecting the original assessment. The reasons for holding, that the exclusion of this evidence was error, are fully set out in *Greeley* v. *Town of Cicero, supra*, and need not be repeated here.

The judgment of the county court is reversed, and the cause is remanded.

*Reversed and remanded.*