### WALTER SHERIFFS

*v.*

### THE CITY OF CHICAGO.

*Opinion filed February 21, 1905.*

1. SPECIAL ASSESSMENTS—*a supplemental assessment cannot be made before work is completed and deficiency determined.* A supplemental assessment, under section 59 of the Local Improvement act, cannot be made before the improvement is completed and the deficiency ascertained.

2. SAME—*improvement not completed until accepted by board.* An improvement is not completed, so that the deficiency may be ascertained, until the board of local improvements has accepted the improvement as complying with the contract and ordinance and has ascertained the cost thereof.

3. SAME—*confirmation judgment is prima facie an adjudication of benefits.* A judgment confirming a special assessment is *prima facie* an adjudication that the property has been assessed as much as it will be benefited by the improvement. (*McChesney* v. *Chicago,* 188 Ill. 423, and *Chicago* v. *Noonan,* 210 id. 18, followed and distinguished from *Cody* v. *Town of Cicero,* 203 id. 322.)

APPEAL from the County Court of Cook county; the Hon. W. H. HINEBAUGH, Judge, presiding.

GEORGE A. MASON, for appellant.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR B. TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a proceeding under section 59 of the Local Improvement act, to confirm a supplemental assessment to pay a claimed deficiency for a street improvement in South Jefferson street from West Sixteenth street to West Twenty-second street, in the city of Chicago. The appellant filed objections, which were overruled, and judgment of confirmation having been entered against his property he has prosecuted this appeal, and urges two grounds for reversal: First, the court erred in confirming said supplemental assessment, as it was spread before the improvement was completed and the cost thereof ascertained; and second, that the court refused to hold, upon the trial of the question of benefits, that the judgment of confirmation in the original proceeding was *prima facie* an adjudication that the property of appellant had been assessed in that proceeding as much as it would be benefited by the improvement.

It appears from the record that the original assessment against appellant's property for the sum of $5523.12 was confirmed November 15, 1901; that the contract for the improvement was let on April 23, 1902, for the sum of $45,-076.50; that the ordinance for the supplemental assessment was passed September 29, 1902; that October 21, 1902, the petition for confirmation of the supplemental assessment was filed; that November 11, 1902, the supplemental assessment roll was filed, and December 8, 1902, the board of local improvements inspected and accepted the improvement.

In *City of Chicago* v. *Noonan,* 210 Ill. 18, and *City of Chicago* v. *Richardson,* (*ante,* p. 96,) it was held that a sup-

plemental assessment under section 59 of the Local Improvement act could not be made until the amount of the deficiency had definitely been determined, and that the deficiency could not be determined until after the improvement was actually completed. It is said by the appellee that at the time the proceedings to levy the supplemental assessment in this case were commenced the improvement was completed as a matter of fact although it had not been inspected and accepted by the board of local improvements, and to sustain such contention reliance is based upon a communication of its engineer to the board of local improvements dated October 4, 1902. We do not think the communication of the engineer to the board referred to will bear the construction placed thereon by the appellee. It advised the board that the contractor had "applied for a final estimate on its contract," and then set forth the "assistant engineer's estimate of work done to date." If, however, said communication did show the improvement to have been completed on October 4, the ordinance providing for the supplemental assessment, and which was the basis of the assessment, was passed prior to that date. The question whether the improvement had been completed before the supplemental assessment proceedings were commenced was not, however, a question to be determined by the engineer, as the determination of that question is by the statute delegated to the board of local improvements. By the Local Improvement act the board of local improvements is authorized to make all contracts for local improvements, and such improvements are to be constructed under the direction and to the satisfaction of said board, and when completed are to be accepted by the board, and after the completion and acceptance of the improvement the cost of the improvement is to be determined by the board. The improvement, therefore, within the meaning of the law, can not be said to have been completed, so that the deficiency can be definitely determined, until after the board of local improvements has determined it has been completed in accord-

ance with the terms of the contract and the ordinance and the improvement has been accepted and the cost thereof ascertained by the board. As this was not done until December 8, which was long after the supplemental proceedings were commenced, those proceedings were prematurely commenced, and were invalid.

Upon the trial of the question of benefits a jury was waived and that question was submitted to the court. On the hearing the appellant introduced in evidence the judgment of confirmation against his property in the original proceeding and rested. The appellee introduced no proof other than the preliminary proofs showing the court had jurisdiction, and the amount of the supplemental assessment. In *McChesney* v. *City of Chicago,* 188 Ill. 423, on page 426, it was said: "When, as here, the ordinance providing for an improvement is valid but the estimate of the cost of the improvement proves too low, the course to be pursued by the said city is that indicated in said section 59. In such case the judgment, under the ordinance assessing the benefits to any parcel of property, stands *prima facie* as an adjudication of that question, and conclusively as an absolute adjudication, if upon the former hearing it was specially found, in terms, that the property objected for would be benefited no more than the amount assessed against it. As to any property as to which such special finding referred to was made there could be no additional assessment, and as to other property the burden would be upon the city to show that such property would be benefited in a greater amount than shown by the prior adjudication." And in *City of Chicago* v. *Noonan, supra,* in considering section 59 of the Local Improvement act, on page 24, it was said: "We do not think that the foregoing construction of the statute will necessarily result in depriving a property owner of any of his legal rights. When notified of the public hearing on the first recommendation of the board he is informed of the estimated cost of the improvement, and must be presumed himself to have some

knowledge as to whether the estimate is a reasonably fair one. He is also chargeable with knowledge of the provisions of section 59, authorizing a deficiency assessment in case the first proves insufficient. He is also, by the provisions of the same section, protected against the liability of having his property assessed for more than it is benefited. If that question has been settled in the prior proceeding then it is final; if not, it is at least *prima facie* evidence that it has been assessed as much as it is benefited."

It is urged by appellee that the *McChesncy* and *Noonan* cases are in conflict with *Cody* v. *Town of Cicero,* 203 Ill. 322. In the *Cody case* the contention was made that the original judgment of confirmation was *rcs judicata* of the question of benefits as to all the property covered by the original assessment and controlled in the levy of the supplemental assessment. In that case the original judgment was entered by default and the question of benefits was not expressly determined, and it was there held, as it was in the *McChesney* and *Noonan cases,* that the question of benefits not having been definitely settled in the original proceeding the city was not foreclosed upon that question in the supplemental proceeding, and the court permitted proofs upon the question of benefits, but the question of whether the original judgment was *prima facie* evidence that the property assessed in the original proceeding had been assessed as much as it was benefited by the improvement was not raised. There is no conflict between the cases referred to, and the correct rule was announced in the *McChesney* and *Noonan* cases.

The judgment of the county court of Cook county will be reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.                                 *Reversed and remanded.*