[No. 13670.  Department One.  February 1, 1917.]

S. A. POOLMAN *et al.*, *Appellants*, v. W. J. LANGDON *et al.*,
*Respondents.*[1]

DRAINS—ASSESSMENTS—CONCLUSIVENESS—REASSESSMENTS — JUDG-
MENT—RES JUDICATA—MATTERS CONCLUDED.  Under Rem. & Bal. Code,
§ 4137, providing that the jury in proceedings to establish a drainage
system, shall ascertain the maximum amount of benefits to be de-
rived by each landowner, the finding of the jury is conclusive that
the property was not benefited to a greater extent; and a judgment
showing that the full amount of the original assessment was col-
lected is *res adjudicata* and a bar to a proceeding for a supplemental
assessment to cover a deficiency, the improvement having cost more
than the original estimate, and more than the amount of the award
of the jury.

SAME — ASSESSMENTS — REASSESSMENTS — STATUTES — VESTED
RIGHTS.  Rem. & Bal. Code, § 4155, authorizing a supplemental as-
sessment for a drainage district where the amount realized from
the original assessment did not prove sufficient to complete the
drainage system, merely authorizes a supplemental assessment for
the cost of constructing the original improvement, if the amount of
the deficiency plus the amount of the original assessment does not
exceed the amount of the maximum benefits fixed by the jury; since
it would be unconstitutional as impairing vested rights if construed
to authorize an assessment in excess of the maximum benefits as
fixed by the jury.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered April 10, 1916, upon sustaining
a demurrer to the petition, dismissing proceedings for the
levying of a supplemental assessment upon property within
a drainage district.  Reversed.

*R. J. Burglehaus* and *Bates, Peer & Peterson,* for
appellants.

*F. G. Remann, Harry Phelps,* and *Gordon & Easterday,*
for respondents.

WEBSTER, J.—Appellants, as the board of commissioners
of drainage district No. 11, in Pierce county, instituted this

[1]Reported in 162 Pac. 578.

proceeding in the superior court for the purpose of levying a supplemental special assessment upon the lands embraced within the district, to cover a portion of the cost of a system of drainage which theretofore had been constructed in the district. After alleging the organization of the district and the election and qualification of appellants as the board of commissioners thereof, the petition sets forth that, on the 18th day of September, 1913, a jury was empaneled in the superior court of Pierce county for the purpose of assessing benefits and damages to lands benefited and damaged within the district by reason of the construction of a proposed drainage improvement; that thereafter the jury returned its verdict, finding that the aggregate amount of benefits to the lands in the district arising by virtue of the improvement would be $18,175.75, and this verdict was thereafter approved and confirmed by the court and a decree in accordance therewith was duly entered; that, in pursuance thereof, the work of constructing the improvement was begun in accordance with the original plans and specifications therefor, and the same had been completed in strict accordance therewith; that, during the progress of construction and when the improvement was about one-half completed, the amount of the original assessment and levy for the construction thereof, to wit, $16,614, became exhausted and no funds remained with which to pay for completing the work; whereupon appellants, as the board of commissioners aforesaid, issued warrants to cover the deficiency, amounting to the sum of $16,198.29, and to provide for the payment of these warrants, apportioned the amount thereof to the lands in the district upon the basis of the original assessment, and certified these assessments to the auditor and assessor of Pierce county, who caused the same to be spread upon the tax rolls in addition to the original assessments against the lands; that instead of the improvement costing the sum of $16,614, the amount of the original estimate and assessment, it in

fact cost the sum of $32,812.29, and therefore it became necessary to levy a supplemental assessment against the lands in order to provide funds with which to retire the warrants which had been issued for the deficiency; that the maximum amount of benefits accruing to the lands embraced within the district by virtue of the improvement, as found by the jury and confirmed by the court, was the sum of $18,175.75, but that the actual maximum benefits to the lands, in truth and in fact, aggregated the sum of $103,-843.50; and to the end that the fair and just cost of the completed improvement might be proportionately levied and assessed against the lands in the district in proportion to the benefits received from the improvement, a supplemental assessment was required; that appellants had caused a re-estimate of the benefits to be made, together with a proposed supplemental assessment against the lands; and then sets forth a list of·owners, together with a description of their lands and the respective amounts theretofore levied against the same, and the additional amounts which it is proposed to assess each tract thereof in this supplemental proceeding, and prays that a jury be empaneled to again assess the benefits to the lands arising from the construction of the drainage improvement and to apportion the amount of the deficit to the lands within the district. To this petition, respondents interposed a demurrer, upon the ground that the petition failed to state facts sufficient to constitute a cause of action. The demurrer was sustained and appellants declined to plead further; whereupon the petition was dismissed. From the order and judgment sustaining the demurrer and dismissing the petition, this appeal is prosecuted.

Respondents, in support of the action of the lower court, contend that there is no authority under the statutes of this state for this supplemental assessment; that the maximum amount of benefits per acre to be derived by each landowner within the district from the construction of the improvement having been ascertained by the jury and confirmed by the

decree of the court in the original proceeding, that question is *res adjudicata* and cannot again be inquired into. The original act providing for the establishment and organization of drainage districts (Laws 1895, p. 271; Rem. & Bal. Code, § 4137 *et seq.*), after providing for the organization of such districts and for the election of three commissioners who shall be the district authorities, provides that, when it is desired to prosecute the construction of a system of drainage, the district, by and through its board of commissioners, shall file a petition in the superior court of the county in which the district is located, setting forth therein the route and termini of the system with a complete description thereof, together with specifications for its construction with all necessary plats and plans thereof, together with the estimated cost thereof, the names of the landowners whose lands are to be benefited by the improvement, the number of acres owned by each landowner, and the maximum amount of benefits to be derived by each from the construction of the proposed improvement, and that the same will be conducive to the public health, convenience and welfare, and will increase the value of all the property affected for the purposes of public revenue. It then provides for a preliminary determination by the court of certain questions, and if this determination is favorable to the petitioners, it provides that a jury shall be impaneled to ascertain, among other things, the maximum amount of benefits arising to the property of the district by virtue of the contemplated improvement. Upon a return of the verdict of the jury, the same shall be recorded as in other cases, and a decree shall be entered in accordance therewith. The petition in this case sets forth that this statutory procedure was adopted and pursued in the original proceeding, and that the jury found that the maximum amount of benefits accruing to the lands embraced within the district by virtue of the improvement would be $18,-175.75, and that a decree of the court was entered in accordance therewith. It is now sought to reopen the question

of the maximum amount of benefits accruing to the lands in the district by virtue of the construction of the drainage system, and to have another jury empaneled for the purpose of determining that question as the basis for the proposed supplemental assessment.

Appellants rely upon the amending act of 1907, relating to taxation of property benefited by systems of drainage (Laws 1907, p. 669; Rem. & Bal. Code, § 4155), as authorizing the supplemental assessment, and they rely particularly upon that portion thereof which reads as follows:

"*Provided further*, that where the amount realized from the original assessment and tax shall not prove sufficient to complete the original plans and specifications of any drainage system, alterations, extensions or changes therein, for which the said original assessment was made, the board of commissioners of said district shall make such further assessment as may be necessary to complete said system according to the original plans and specifications, which assessment shall be made and collected in the manner provided in this section for the original assessment."

We will first notice the question of what is the effect of the verdict and decree in the original proceeding, and, in the light of our conclusion upon that question, will consider the statute upon which appellants rely. It must be borne in mind that the original act does not provide that the jury shall determine merely whether the various tracts of land embraced within the district will be benefited by the improvement to the extent of the assessment proposed to be levied thereon, but provides that the jury shall ascertain the *maximum amount of benefits per acre to be derived by each landowner from the construction of the proposed improvement*.

Webster's New International Dictionary defines the adjective "maximum" as being "the greatest in quantity or highest in degree attainable or attained." Also as "the greatest or highest allowed by law or authority." Therefore, when the jury found that the maximum amount of

benefits accruing to the lands within the district by virtue
of the construction of the proposed improvement would be
$18,175.75, it in effect found that that sum was the highest
and greatest amount of benefits which would accrue to the
land by virtue of the improvement.   In other words, it was
a finding that the lands would be benefited by the construction
of the improvement in question to the extent of $18,175.75,
and no more.   It is apparent that the jury did not confine
its inquiry to the question of whether the lands would be
benefited merely to the extent of the proposed assessment
sought to be levied against it, for the reason that the esti-
mated cost of the improvement was $16,614, while the amount
of the benefits found by the jury was $18,175.75.   There is
no escaping the conclusion that the jury did exactly what
the law required it to do, viz., ascertained and fixed the
*maximum* amount of benefits.   It also appears that the
drainage system was constructed in strict accordance with
the original plans and specifications therefor; that is, that
the improvement as actually completed was the very improve-
ment originally contemplated.   It would seem, therefore, on
the plainest of elementary principles, that the decree in the
original proceeding was a final and conclusive determination
of the precise question sought to be reopened to fresh liti-
gation in this proceeding.   Page and Jones on Taxation by
Assessment, vol. 2, § 991, announces the rule in the following
language:

"In a proceeding to levy a supplemental assessment, the
original judgment of confirmation is not a bar to such pro-
ceeding if it shows that the original assessment was for less
than the full amount of the benefits conferred upon the prop-
erty by the improvement.   In such cases, the original judg-
ment is conclusive as to the apportionment of the benefits
upon the various tracts of property assessed.   If the orig-
inal judgment of confirmation shows that the full amount
of benefits was collected in the original assessment, such
judgment is a bar to a proceeding for a supplemental
assessment."

This statement of the rule is supported by numerous cases, and we shall content ourselves by citing the following: *East Hoquiam Co. v. Hoquiam*, 90 Wash. 210, 155 Pac. 754; *Greeley v. Cicero*, 148 Ill. 632, 36 N. E. 603; *Cicero v. Green*, 211 Ill. 241, 71 N. E. 884; *Wickett v. Cicero*, 152 Ill. 575, 38 N. E. 909; *St. Louis v. Ranken*, 96 Mo. 497, 9 S. W. 910; *St. Louis v. Excelsior Brewing Co.*, 96 Mo. 677, 10 S. W. 477; *Chicago & Northwestern R. Co. v. People ex rel. Miller*, 83 Ill. 467; *Sheriffs v. Chicago*, 213 Ill. 620, 73 N. E. 367; *People ex rel. Ijams v. Meyers*, 124 Ill. 95, 16 N. E. 89.

It is also well settled that, where confirmation of an assessment roll is had by proceedings in court and a decree of confirmation is rendered, such decree is controlled as to its effect and validity by the principles of law applicable to judgments in general. 2 Page and Jones, Taxation by Assessment, § 927.

The jury, under the original drainage act, being required to find the maximum amount of benefits per acre to be derived by each of the landowners within the district from the construction of the drainage improvement, and in the original proceeding having done so, and the court having entered its decree thereon and this decree not having been modified or reversed, the case falls within the well settled doctrine of *res adjudicata*.

This conclusion in no way trenches upon, nor is it in any way in conflict with, the numerous decisions of this court holding to the rule that, where upon appeal to this court a judgment confirming an assessment roll is modified or reversed in whole or in part and the cause is remanded for further proceedings, the findings of the assessing authorities in the original roll are not conclusive upon the reassessment, for the reason that, the judgment appealed from having been set aside, the case is in a similar situation to one where a new trial has been granted and the question of the amount of benefits to the property affected is an open one. In those

cases the original judgment is not a bar, for the very evident reason that it has been set aside.

Nor is our conclusion out of harmony with the holdings of this court in cases involving supplemental assessments, that the finding of the amount of benefits to the property in the original proceeding is not conclusive in the supplemental proceeding, for the reason that the finding in the original proceeding is merely to the effect that the property assessed is benefited to the extent of the proposed assessment against it, and such a finding is in no way inconsistent with a subsequent finding that the property is benefited to a much greater extent than the amount of the original assessment. A determination that property is benefited to the extent of a proposed assessment thereon is perfectly consistent with a subsequent finding that the benefits conferred upon the property by the improvement in question are largely in excess of the amount of the original assessment. In cases of reassessment after reversal or modification of the original judgment, the original assessment is not controlling for the reason that the original judgment is vacated and set aside; and in the cases of supplemental assessments where this court has dealt with the question, the judgment in the original proceeding is not controlling for the reason that the maximum amount of benefits to the property assessed is not determined by the original assessment proceeding.

Appellants cite and earnestly rely upon the case of *State ex rel. Conner v. Superior Court*, 81 Wash. 480, 143 Pac. 112, and while it must be admitted that some of the language in that opinion lends support to appellants' contention, an analysis of the opinion clearly shows that these expressions are dictum. That they are so is made plain by the concluding paragraph of the opinion, on page 493, wherein the court expressly declined to pass upon the precise question presented in the case now before us. In the *Conner* case, the supplemental assessment was made under the provisions of Laws 1913, p. 267 (3 Rem. & Bal. Code, § 4107), and the

question before the court was the right of the district to have the benefits to the lands within the district resulting from the *maintenance* of the dikes in the district ascertained and determined, and also to have the benefits to certain lands outside of the district, resulting from the maintenance of the dikes in the district, ascertained. It is obvious that the question of benefits accruing to lands by virtue of maintaining dikes after they have been constructed is in no manner foreclosed by the original decree, for the reason that the question of benefits derived from maintaining the dikes was not before the court in the original proceeding. The finding of the jury in that proceeding was merely the maximum amount of benefits conferred upon the property in the district by virtue of the *original construction* of the improvement. The question of the benefits arising by virtue of maintaining the dikes after they were constructed was, therefore, before the court for the first time in the supplemental proceeding. The conclusion of the court in the *Conner* case upon the facts to which it relates is clearly right, and the observations upon the question here presented must be treated as *obiter*.

We conclude, therefore, that the finding of the jury, that the property embraced within drainage district No. 11 would be benefited by the construction of the proposed drainage improvement to the extent of $18,175.75 and no more, when approved and confirmed by the court, became a final and conclusive determination of the question of maximum benefits arising from the construction of the improvement, and that question cannot again be opened to fresh litigation.

This brings us to a consideration of the statute relied upon by appellants and hereinbefore set forth. In view of our conclusion concerning the character and effect of the decree in the original proceeding, it necessarily follows that, if the amendment of 1907, *supra*, must be construed as attempting to authorize a reascertainment of benefits arising to the property in the district because of the construction of

the drainage improvement, the act manifestly would be un-
constitutional as disturbing vested rights. However, we are
of the opinion that the act does not contemplate a reascer-
tainment or a subsequent fixing of the amount of the benefits
accruing to the property by reason of the original con-
struction of the improvement, but that it merely confers
upon the district the right to make supplemental assess-
ments to pay for the cost of constructing the original im-
provement, provided the amount of the deficiency, plus the
amount of the assessment made in the original proceeding,
does not exceed the amount of maximum benefits as originally
fixed and determined by the jury. To illustrate: If the
jury in the original proceeding had found that the maximum
amount of the benefits arising to the property in the dis-
trict by virtue of the construction of the proposed drainage
improvement would be $35,000, and the original assessment,
based upon the estimated cost of the improvement, had been
the sum of $16,614, and it subsequently had been found that
the improvement would cost $32,812.29, then the district,
under the authority of the amendment under consideration,
could have levied a supplemental assessment in the sum of
$16,198.29 to cover the deficiency, for the reason that the
aggregate of the original and the supplemental assessments
would be less than the maximum amount of the benefits to
the property as originally found by the jury. 2 Page and
Jones, Taxation by Assessment, § 954.

This construction of the statute must be preferred, in
view of the well settled canon of construction that, where a
statute is open to two constructions, one of which will render
it constitutional and the other of which will render it uncon-
stitutional, the former and not the latter is the construction
to be adopted. Inasmuch, however, as the jury in the original
proceeding found the amount of maximum benefits to be
$18,175.75, and the amount of the original assessment
against the property, based upon the estimated cost of the
improvement, was $16,614, there is still room for a supple-

mental assessment in an amount not to exceed $1,561.75, and to that extent the petition states a cause of action.

We conclude, therefore, that the judgment of the lower court should be reversed, and the cause remanded for proceedings consistent with this opinion.

ELLIS, C. J., MORRIS, CHADWICK, and MAIN, JJ., concur.