[Nos. 10325-10336, 10294. Department One. August 16, 1912.]

INNER-CIRCLE PROPERTY COMPANY *et al.*, *Appellants*, v. THE CITY OF SEATTLE, *Respondent.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—ASSESSMENTS—EXCEEDING ESTIMATES—EFFECT. The fact that the actual cost of an improvement exceeds the original estimate does not affect the power of the city council to levy an assessment upon property to the extent of benefits received, within the limit allowed by law, where the estimate required by the charter was made by the board of public works to enable the council to act advisedly in ordering an improvement within the fifty per cent limit of the assessed valuations, and no notice to the property owners or hearing upon the amount of the estimate was required or given.

SAME—REASSESSMENTS—WHEN AUTHORIZED—DEFICIENCY. A reassessment to make up a deficiency is authorized where the city council cancelled the original assessment against property which had been adjudged to be damaged and therefore not assessable.

SAME — REASSESSMENTS — CONFIRMATION — EFFECT — BURDEN OF PROOF ON APPEAL. Where a city council has made a reassessment and the same has been confirmed, upon appeal to the superior court the burden is upon the appellants to show want of authority on the part of the council to make the reassessment, in view of Rem. & Bal. Code, § 7898, which provides that the decision of the city council on confirmation shall be a final determination of the regularity and validity of the reassessment; the presumption being that the council had authority to make the reassessment by reason of a deficiency in, or the invalidity of, the original assessment.

SAME—PROPERTY SUBJECT TO ASSESSMENT. Property found by the jury to be damaged by an improvement is not subject to an assessment for benefits.

SAME—REASSESSMENTS—APPORTIONMENT. Upon a reassessment, the question of the benefits and the apportionment thereof is an original question in no way controlled by the original assessment.

[1]Reported in 125 Pac. 970.

SAME—REASSESSMENTS—ASSESSMENT OF EXEMPT PROPERTY. The fact that property which is exempt because not benefited was included in the original assessment, thereby creating a deficiency, does not affect the power to levy a reassessment on other property to make up the deficiency.

SAME—REASSESSMENTS—PROPERTY DAMAGED. An award of damages to a leasehold interest in state lands being an adjudication that the property was not benefited, exempts the same from a reassessment levied to make up a deficiency in the original assessment.

Appeals from judgments of the superior court for King county, Myers, J., entered January 10, 1912, confirming an assessment upon appeals from the city council. Affirmed in part and reversed in part.

*Ballinger, Battle, Hulbert & Shorts, Wm. Hickman Moore, Edwin C. Ewing, Higgins, Hall & Halverstadt, R. R. George, Wright & Kelleher, Wm. Martin, Tucker & Hyland, Geo. D. Emery,* and *Shank & Smith,* for appellants.

*Douglas, Lane & Douglas,* for appellant Metropolitan Building Company.

*James E. Bradford* and *William B. Allison,* for respondent.

PARKER, J.—These appeals are from judgments of the superior court for King county affirming the action of the city council of Seattle in making and confirming a supplemental assessment against property of appellants for the cost of a local street improvement. Except as to certain contentions made by appellant Metropolitan Building Company, our discussion and conclusions will apply to all alike.

In December, 1905, the city council of Seattle passed Ordinance No. 13,074 providing for widening, extending and changing the grades of Fourth avenue and other streets in the city, providing for the prosecution of condemnation proceedings to acquire and damage property rights as against the owners of abutting property and property through which certain of the proposed extensions were to be made, and providing for the levying of a special assessment by eminent do-

main commissioners against property benefited by such extensions and change of grades to pay the damages awarded by reason thereof, as authorized by the eminent domain law applicable to cities. While this ordinance did not make provision for the construction of the physical improvement, it manifestly contemplated the making of such improvement upon acquiring the right to take and damage property necessary therefor. Thereafter in November, 1906, the city council passed Ordinance No. 14,784 providing for the making of the physical improvement of the same streets as contemplated by Ordinance No. 13,074, creating a local improvement district and providing for the payment of cost of the improvement by special assessment against property within the district benefited thereby; such assessment to be levied by the city council in pursuance of the law applicable to local improvement assessments in the city. Thereafter an assessment was accordingly levied and confirmed by the city council in October, 1907, by Ordinance No. 17,186. Thereafter in December, 1910, the city council passed Ordinance No. 25,829 providing for the levying of a supplemental assessment against the property within the improvement district specially benefited by the improvement which had not been already assessed to the full amount of the benefits received by such property. Among recitals in the preamble of the supplemental assessment ordinance, it is stated that "there is a deficiency in the fund created to pay for the said improvement;" though it is not stated therein what caused the deficiency nor the amount thereof. Thereafter a supplemental assessment roll was made up and notice of hearing thereon given, when appellants filed their objections thereto, which objections were by the council heard and overruled and the supplemental assessment confirmed in May, 1911. This supplemental assessment was made under the reassessment provisions of the state law and city charter, which are in substance the same. Rem. & Bal. Code, § 7893 and following; City Charter, art. 8, § 18. The objectors having appealed

from the decision of the council confirming the supplemental assessment to the superior court, and the judgment of that court being adverse to them, they have appealed to this court. Other facts may be noticed as may be necessary in discussing the several contentions made by appellants.

It is contended in behalf of appellant that since the actual cost of the improvement charged by special assessment against the property within the district exceeded the original estimated cost thereof, the supplemental assessment is void, at least to that extent. This contention is rested upon the decision of this court in *Chehalis v. Cory*, 54 Wash. 190, 102 Pac. 1027, 104 Pac. 768, where it was held in effect that, under the local assessment statutes applicable to cities of the third class, the original estimated cost of the improvement fixed the limit of the total amount chargeable by special assessment against the property within the district benefited thereby. A reading of that decision will show, however, that the conclusions there reached by the court were because of the special provisions of the statute relating to local improvement assessments in cities of the third class, Rem. & Bal. Code, §§ 7705, 7706, requiring such estimate to be made, notice thereof to be given to the property owners, and an opportunity for them to protest against the making of the proposed improvement, before it could be finally ordered by the council, and prohibiting the council from ordering such improvement over the protest of the property owners except upon certain conditions. No other hearing was afforded the property owners before the council as to the making of the improvement nor as to the regularity and correctness of the assessment levied by the council. The only recourse of the property owners under that statute was by an original action in the courts against the assessment, or in resisting the lien of the assessment when it is sought to be foreclosed in the courts. The holding that the estimate and notice thereof to the property owners was a necessary jurisdictional step, and that such estimate could not be exceeded by the assessment,

was because the statute in effect made it so. That statute has no application here. Seattle is a city of the first class, wherein local improvement assessments are governed by the provisions of other statutes and the charter of the city. The only requirement for a preliminary estimate of the cost of a local improvement in the city of Seattle which has come to our notice is that found in § 11, art. 8, of the City Charter, as follows:

"If the board of public works finds the facts set forth in said petition [for improvement] to be true, they shall cause an estimate of the cost and expense of such improvement to be made and transmit the same, together with all papers and information in their possession touching such improvement, with the estimated cost thereof, and their recommendations thereon, a description of the property which will be specially benefited thereby and a statement of the proportionate amount of the cost and expense of such improvement which shall be borne by such property, to the city council."

No notice to the property owners of the amount of the estimate is required to be given; no provision is made for the council receiving protests from the property owners against the making of the improvement, nor for any hearing before the council upon that question. It is evident from the charter provisions that the estimate is to be furnished to the council simply to enable it to act advisedly in the ordering of the improvement, and especially to the end that it may be informed as to whether or not the cost of the proposed improvement will exceed fifty per cent of the assessed value of the property within the proposed local improvement district, that being the limit of special assessment prescribed by § 7571, Rem. & Bal. Code, and § 11, art. 8 of the city charter. The estimate is not made for the purpose of informing the property owners of the extreme possible cost of the improvement, and they are not given by statute or charter any hearing upon that question as a preliminary step to the ordering of the improvement, though they are later given ample opportunity to be heard upon the confirmation of the assessment roll

relative to the question of benefits as well as all other questions going to the regularity and validity of the assessment. We are of the opinion that the fact that the actual cost of the improvement exceeded the original estimate does not affect the power of the council to levy either an original or supplemental assessment to the extent of the benefits conferred upon the property by the construction of the improvement, not exceeding, of course, the fifty per cent limit prescribed by the statute and charter.

Counsel for appellants make some contentions which seem to be rested upon the fact that the record made upon the trial in the superior court does not affirmatively show the cause of the deficiency in the funds to pay the cost of the improvement to be such as in law renders their property chargeable by supplemental assessment to make up such deficiency. The cause of the deficiency in this case is not shown by the record before us, except in so far as such cause is shown by the passage of three ordinances cancelling certain assessments upon the original assessment roll. One of these ordinances, cancelling original assessments amounting to $12,543.13, contains recitals showing that such cancellations were because of the fact that the assessments so cancelled were void because they were against property which had been found and adjudged to be damaged by the improvement in the condemnation proceedings. This fact would render such assessments void and unenforcible under our decisions in *Schuchard v. Seattle,* 51 Wash. 41, 97 Pac. 1106; *Seattle & Puget Sound Packing Co. v. Seattle,* 51 Wash. 49, 97 Pac. 1093, and *Hapgood v. Seattle, ante* p. 497, 125 Pac. 965. The other two ordinances cancelled original assessments amounting to $20,669.42 without reciting any reasons therefor. So there was cancelled by these three ordinances, $33,212.55 of the original assessments. As to how the balance of the deficiency represented by the supplemental assessment was caused, the record does not inform us. By the sup-

plemental assessment there was charged against private property within the district $111,003.52, and against the general fund of the city $36,903.81. So that the total deficiency was apparently $147,907.33. So far as the $12,543.13 of the original assessment cancelled because of being erroneously charged against damaged property is concerned, our decisions above cited settles the question of the invalidity of such assessments, and furnishes sufficient basis to authorize the supplemental assessment to that extent at least. So far as the balance of the supplemental assessment is concerned, we have in support thereof only the presumption that the city council had legal cause for making the same; that is, that there was such a deficiency as legally required a supplemental assessment to that amount, from the fact that the council made such assessment. Touching the effect and conclusiveness of the decision of the city council in confirming a reassessment, or supplemental assessment, as the city has called it in this case, Rem. & Bal. Code, § 7898, provides that, "their decision and order shall be a final determination of the regularity, validity and correctness of said reassessment, to the amount thereof, levied on each lot or parcel of land." And § 7902 provides for a direct appeal therefrom to the superior court by any property owner deeming himself aggrieved by the decision of the council. This, it seems to us, renders it clear that, upon appeal by objecting property owners from such decision of the council to the superior court, the burden is upon such appellant to show want of authority on the part of the council to make such reassessment, as well as the erroneous charge of the assessment against his property from any other cause, before he would be entitled to a reversal or modification of the council's decision in making and confirming the assessment. It will be noticed that the council's decision is not only declared by the statute to be a final determination of the regularity and correctness of the reassessment, but also of its validity. Manifestly, when the council has decided that such an assessment is legally neces-

sary, as it of course does when it makes and confirms such an assessment, its decision, like that of any other tribunal having jurisdiction over the subject in controversy, is presumed to be legally correct until the contrary is affirmatively shown. We conclude, therefore, that, unless there is in this record something affirmatively showing that there was in fact no deficiency legally calling for the supplemental assessment for the amount levied, we must now presume that the deficiency did legally exist, as decided by the council, and that it was such as to support a supplemental assessment for that sum. Counsel for appellants call our attention to and place some reliance upon the decision in *Spokane v. Security Sav. Soc.*, 46 Wash. 150, 89 Pac. 466. There was not involved in that decision any question of the presumption of the regularity and validity of the reassessment. The facts upon which the validity of the original assessment rested were apparently conceded in that case, and the question was discussed by this court as though the facts affecting the validity of the original assessment and in turn that of the reassessment were all before the trial court. We have no such condition here. This record does not show that there were any facts before the trial court by which it could determine the validity of the original assessment or the cause of the deficiency, except as to the $12,543.13 charged to damaged property; and hence, we are to presume that it had nothing before it to overcome the presumption of the correctness of the council's decision in making and confirming the supplemental assessment from which the appeal was taken to that court.

Now the only affirmative fact appearing in this record pointing to the lack of deficiency in the funds to the amount of the supplemental assessment requiring that assessment is the making and confirming of the original assessment. Counsel for appellants seem to rely upon the presumption of the validity of the original assessment as against the presumption of the validity of the later supplemental assessment. Of

course, until the making and confirmation, upon due notice of the latter, the presumption relied upon by appellants was in favor of the original assessment as between them and the city; but the making and confirming of the supplemental assessment was, in effect, a finding and decision by the council against the appellants upon that very question, and also upon the question of the necessity of the supplemental assessment. When the city council decided that there was a deficiency, whether by reason of invalid original assessments or from any other cause, as of course it did so decide by the making of the supplemental assessment, appellants were by notice given an opportunity to be heard upon all such questions. The council's decision upon such questions by the confirmation of the supplemental assessment was necessarily final unless appealed from, as the statute provides; otherwise the notice and hearing thereon provided by law would serve no purpose. The city was not required to assume the burden of showing the invalidity of the original assessment, nor any other cause of the deficiency upon the hearing of the appeal in the superior court. Appellants were there attacking the supplemental assessment, and had the burden of showing that the decision of the council in making and confirming it was erroneous. They could not secure a reversal of the council's decision in making a supplemental assessment by merely producing the record of the original assessment and relying upon such presumptions as were theretofore in its favor; nor was the city required to show upon the trial in the superior court the cause of the deficiency which prompted the making of the reassessment.

Another contention made in behalf of appellants which seems to us to be rested upon their erroneous view of the presumed regularity of the original assessment, is that the original assessment is a final adjudication upon the amount of the benefits conferred upon appellants' property and of the amount of benefits conferred upon property covered by the cancelled assessments; and that, therefore, no different or

greater assessment can be placed upon their property than
was placed upon it by the original assessment; and especially
that no greater assessment can be placed upon their property
because of any deficiency caused by want of reassessment
upon property covered by the cancelled assessments.   Such
a view would practically defeat the power of reassessment.
It is manifest from the provisions of the reassessment law
that the question of benefits upon a reassessment or supple-
mental assessment is not controlled by the decision upon that
question rendered in the making of the original assessment,
any more than upon a new trial a decision upon the merits is
controlled by .a decision upon the merits rendered upon a
former trial.   In a reassessment proceeding, the questions of
benefits and apportionment thereof are as much original
questions as they are in the original assessment proceeding.

Our attention is called to *In re Sixth Avenue West*, 59
Wash. 41, 109 Pac. 1052, Ann. Cas. 1912 A. 1047, in support
of the contention that assessments, which would be chargeable
to exempt property but for its exemption, cannot be charged
to other benefited property.   Whatever may be said of that
view when dealing with property which is by law entirely
exempt from taxation and local assessments under all cir-
cumstances, we are to remember that we are not here dealing
with such property.   It is true that property which in the
condemnation proceeding is found to be damaged by the
improvement, is spoken of as being exempt from the assess-
ment for the improvement; it is not, however, property which
is by law exempt from assessment generally.   In this case the
so-called exempt property is not assessable, only because it
*is not benefited.*   Hence, it is not a case of making appellants'
property bear the burden of such nonassessable property.
So long as appellants' property is not assessed by the com-
bined original and supplemental assessments more than it is
benefited, and so long as such assessments are not inequitably
apportioned, there is not legal cause for objecting to such
assessments.   Of course the fifty per cent limit cannot be

exceeded as against all the property within the district, but that question is not here involved.

Some other contentions are made by appellants, but we think they have been sufficiently disposed of in favor of the city by what has been said in the case of *Hapgood v. Seattle, supra*, except as to the appeal of the Metropolitan Building Company, which we will now notice. There is levied by this supplemental assessment a charge upon land held by the Metropolitan Building Company under a lease from the state of Washington, the land being a part of the old state university grounds. The record indicates that, at the time of the condemnation proceedings, this land was held by the Seattle Realty & Building Company under a lease from the state. Just what the nature of that lease was is not shown; but, in any event, the Seattle Realty & Building Company was awarded compensation in the condemnation proceedings on account of damage to this same land resulting from the change of the grades of the streets and the improvement of them accordingly. It is contended that this resulted in rendering the land, and all interests therein, free from liability to special assessment to pay for the improvement, upon the ground that the award of such damages was in effect an adjudication that the land was not benefited by the improvement. In the light of *Schuchard v. Seattle; Seattle & Puget Sound Packing Co. v. Seattle*, and *Hapgood v. Seattle*, above cited, we are constrained to hold that this contention must be upheld. If there could be no original assessment, because of no benefits, as it was in effect adjudicated in the condemnation proceeding, there would, of course, be no benefits to support a supplemental assessment to aid in paying for the same improvement.

We are of the opinion that the judgment of the superior court should be affirmed, except as to the charge made by the supplemental assessment against the land held by the Metropolitan Building Company under its lease from the state; and that, in so far as that charge is concerned, the judgment

should be reversed, and that portion of the supplemental assessment set aside. It is so ordered.

CROW and GOSE, JJ., concur.