[No. 11809.    Department One.    January 8, 1915.]

## H. E. Vincent et al., Appellants, v. The City of South Bend, Respondent.[1]

Municipal Corporations—Improvements—Assessments—Preliminary Estimate—Increase—Validity. The estimate of the cost of a local improvement, required by Rem. & Bal. Code, § 7974, to be approved by the council on the initiation of the proceedings, is for the sole purpose of determining whether the council will initiate the improvement, and the assessment is not invalidated by the fact that it greatly exceeds the estimate, where it did not exceed the actual *bona fide* or ultimate cost of the improvement, and can readily be accounted for by changed conditions; in view of Rem. & Bal. Code, § 7983, providing that, when the estimated cost is found too high or too low, the city shall, after due notice and hearing, make rebates or add the required additional amount to the assessment roll, apportioning the amount to the several pieces of property benefited as if it had been an original estimate.

Same—Ordinances—Indefiniteness. An ordinance authorizing a local improvement and assessment therefor cannot be held void for indefiniteness, where it follows the lines of the statutory requirements conferring such power upon municipalities and contains all the material provisions therein set forth.

Appeal from a judgment of the superior court for Pacific county, Wright, J., entered September 24, 1913, upon findings in favor of the defendant, approving a local improvement assessment roll, upon appeal from the city council. Affirmed.

*H. W. B. Hewen*, for appellants, contended, among other things, that clear and definite specifications are a mandatory requirement in ordering a local improvement. *Pueblo v. Winters*, 47 Colo. 255, 107 Pac. 224; *Oklahoma City v. Shields*, 22 Okl. 265, 100 Pac. 559; *Grant v. Barber*, 135 Cal. 188, 67 Pac. 127; *Bay Rock Co. v. Bell*, 133 Cal. 150, 65 Pac. 299; *Williamson v. Joyce*, 140 Cal. 669, 74 Pac. 290; *Buckley v. Tacoma*, 9 Wash. 253, 37 Pac. 441; *State*

[1]Reported in 145 Pac. 452.

*ex rel. Matson v. Superior Court,* 42 Wash. 491, 85 Pac. 264. Changing grades and estimate, see *City of Argentine v. Simmons,* 54 Kan. 699, 37 Pac. 14.

*Fred M. Bond,* and *Welsh, Welsh & Richardson,* for respondent.

Morris, J.—Appeal from a judgment below confirming a local improvement assessment roll. The city of South Bend is a city of the third class, and on April 17, 1911, its city council passed an ordinance providing for the filling of certain low lands and tide lands within the city, the ascertainment of the damages for property taken or damaged, creating an improvement district, and providing for an assessment upon property benefited. The filling of the designated area was to be made in accordance with certain plans and specifications on file in the office of the city engineer showing a fill averaging approximately three feet in depth. Section 7 of this ordinance fixed the estimated cost of the improvement at the sum of $9,500, providing that, if, after the making up of the assessment roll, this estimated cost should be found too high, the excess should be rebated *pro rata* to the property owners; but that, if, on the other hand, it should prove too low, the city council upon due notice and hearing might add the required amount to the assessment roll to be apportioned among the several parcels of land upon the same basis as the amount originally included. Other provisions of the ordinance need not be referred to. It is enough to say it was the kind of ordinance usually passed with such purpose in mind.

The Federal government was, at this time, contemplating the dredging of the Willapa river through the city of South Bend, and the intention of the city in initiating the improvement at this time was to take advantage of this situation and obtain the material for filling these low lands at a nominal cost, it being estimated that the dirt so obtained would fill the entire district to a depth of eighteen inches, the remaining

eighteen inches to be provided for by a subsequent plan not
then determined. The city and the Federal officials entered
into a contract under which the dirt from the river was to be
deposited upon the area embraced within the district, free
of cost for a distance of fifteen hundred feet, and beyond
that a small charge per cubic yard was to be made. Antici-
pating this arrangement, the cost of the improvement was
fixed at $9,500.

After proceeding with the work, the officials in charge of
the government work informed the city officials that all the
material would be deposited within a 1,500-foot limit. The
effect of this procedure was to increase the fill within the
1,500-foot area from eighteen inches, as at first contemplated,
to thirty-six inches, and leave that part of the district out-
side of the 1,500-foot limit in the same situation it had been
before the work was undertaken, save that, between it and
the river, its natural drainage, the ground had been raised
thirty-six inches. Another effect was that those living within
the 1,500-foot limit who had raised their buildings to accom-
modate an eighteen-inch fill were compelled to provide for a
thirty-six-inch fill. The city council thereupon, partly upon
its own initiative and partly upon the petition of some of the
property owners, entered into a contract with a dredging
company to fill that part of the district lying outside of
the 1,500-foot limit. This contract was performed, making
the actual cost of the improvement to be borne by prop-
erty benefited $89,199.92, instead of $9,500. Some of the
appellants were among those petitioning for this second
fill; others were not. The assessment roll as confirmed is made
upon the basis of the actual cost, thus materially increasing
the assessment upon benefited property from what it would
have been under the original estimates.

There is some attack made upon the findings of the lower
court. We find them amply sustained by the record and they
are adopted. This local improvement district was estab-
lished pursuant to the act of 1909, Rem. & Bal. Code, §§ 7971-

7987 (P. C. 77 §§ 853-885), both inclusive. This act provides that the cost of all improvements instituted under the act shall be borne by special assessment upon the property benefited, if the ordinance directing the improvement shall so provide. Section 7974 (P. C. 77 § 859), provides that, at the time of the initiation of the improvement, the city council shall cause an estimate to be made of the cost and of the expenses incident to the improvement, which estimate shall be approved by the city council. Section 7983 (P. C. 77 § 877), provides that, when an assessment roll is made up and it is found that the estimated cost is too high, the excess shall be rebated *pro rata* to the property owners, but that when the estimated cost is found to be too low, and the actual *bona fide* cost of the improvement is greater than the estimate, the city shall, after due notice and hearing, add the required additional amount to the assessment roll, apportioning the amount to the several pieces of property benefited as if it had been an original estimate. Referring to the provisions of the ordinance as quoted, it will be seen that the ordinance contained these provisions of the statute. This provision for an assessment roll that shall represent the actual *bona fide* cost of the improvement irrespective of the estimate is so clear that it requires no interpretation. .

Counsel for appellants says, in his brief, that the trial court based its judgment largely on the opinion that the estimate of cost of the fill contained in the ordinance was not for the information, benefit, or protection of the owners of the property, but only for the guidance of the municipal officials. The lower court might well have based its conclusion upon this contention, for it must be upheld as a correct interpretation of the statute. The only purpose of this estimate is to influence the city council in determining whether it will initiate any given improvement, the right of the property owner to be determined by the actual *bona fide* cost of the improvement which, when it exceeds the estimated cost, can only be assessed against the property benefited after due notice and hearing, at

which time all the rights of the property owner may be protected. The amount of excess is large in this case, but there is no showing that the excess amount does not represent the actual *bona fide* cost of the improvement. In fact, there is no attempt to make such a showing, it being conceded, so far as the record goes, that the ultimate cost was the *bona fide* actual cost. The excess is readily accounted for when it is understood that, instead of being made at a nominal cost as was first contemplated under the arrangement with the government engineers, it was necessary to make arrangements with private contractors to complete the work that should have been undertaken and completed under the contract with the government engineers, thus largely increasing the cost of the improvement, but not increasing the assessment beyond the actual *bona fide* cost of the improvement. Such an assessment is valid. *Inner-Circle Property Co. v. Seattle,* 69 Wash. 508, 125 Pac. 970; 2 Page & Jones, Taxation by Assessment, § 819.

It is contended that the ordinance is void for indefiniteness and want of specification. We do not so find it. The ordinance is too long to be set out in full. A reading of it in connection with the statute is convincing that it contains all the material provisions and is a full compliance with the statutory requirements. There is also an attempt to show lack of benefits. Upon this point, as is usual in cases of this character, the evidence is conflicting; but we agree with the court below that it strongly preponderates in favor of the benefit assessed. Other attacks are made upon the assessments, but without making special reference to them for want of time and space, we find regularity in all the proceedings and no escape open to these appellants from assuming the burden that has been rightfully cast upon their lands in the manner provided by law.

The judgment is affirmed.

Crow, C. J., Gose, and Parker, JJ., concur.