[No. 2445.  Decided June 23, 1897.]

GEORGE H. RYAN *et al.*, *Appellants*, v. THE TOWN OF
SUMNER, *Respondent*.

REASSESSMENT FOR STREET IMPROVEMENTS — RES JUDICATA — VALIDITY
OF ASSESSMENT — ABUTTING PROPERTY.

In an action to enforce the collection of a re-assessment upon
land benefited by a street improvement, in pursuance of charter
and statutory provisions therefor, the decision of the court in a
former cause declaring the original assessment invalid for any
reason, is not conclusive of any fact appearing in issue at the
trial upon the re-assessment.

Where an assessment for a street improvement must be made
in proportion to frontage thereon and in accordance with the
benefits received by the property assessed, an assessment against
a tract of forty acres, wholly unplatted and used exclusively for
farm purposes, is invalid, when only a portion of the land abuts
upon the improvement.

In assessing land according to benefits, it is not competent to
tax land not fronting on the improvement, or to take into con-
sideration the benefit such portion might derive by improving
the street in front of other portions.

Appeal from Superior Court, Pierce County.—Hon.
JOHN C. STALLCUP, Judge.   Modified.

*Remington & Reynolds,* for appellants.
*Thomas Carroll,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—This is an appeal from a judgment of the superior court of Pierce county affirming a re-assessment upon abutting property for street improvements in the town of Sumner.

The town of Sumner in 1892 caused Main and Wood streets within its limits to be improved by grading and graveling at the expense of the lots and lands fronting thereon. The original assessment made for the payment of expense of improvement was declared void in the superior court.

The third finding of fact in the case at bar on the re-assessment is as follows:

" That thereafter an assessment was made against the property fronting upon said improvement, and subsequently, in action No. 10,860, in the superior court of the State of Washington for Pierce county, wherein the town of Sumner is plaintiff and Lucy V. Ryan is defendant, and also in other actions between said town and the other parties plaintiff in this proceeding, all of which actions were brought to enforce the original assessment, said superior court of Pierce county made and entered, after full trial. the finding of fact that said original assessment was not made according to the benefits received or accruing to the tracts of land abutting upon said improvements, and entered final judgment in all of said actions, setting aside said assessment on the grounds that the same did not appear to have been made according to the benefits, and that it appeared to be in two separate assessments, being a separate assessment for Main street and a separate assessment for Wood street, whereas the improvement seems to have been made under one contract and one single improvement."

The tenth finding is:

"That the said re-assessment made by said council of the town of Sumner against the abutting property in question, was for the same amount against each of the respective tracts of lands as the original assessment, which original assessment was set aside by the superior court of Pierce county, for the reasons hereinbefore found."

The cause is a consolidated one in which the appellants had severally appealed from the validity of the re-assessment, and by stipulation of the parties in the lower court and order entered therein the several property owners joined in the hearing of their objections to the re-assessment and their appeal here.

Two questions are involved in this appeal. Appellants contend that the third finding of fact set out above constitutes an adjudication in the original assessment case, and that the original assessment was not made according to benefits received by the property assessed, and it is argued that a decision in the original case was upon the same facts relating to benefits as in the present cause. This court said in *Cline v. Seattle*, 13 Wash. 444 (43 Pac. 367):

"Beside, the first assessment, having been held void, could serve no purpose whatever in the re-assessment excepting to bring the improvement within the provisions of the charter providing for such re-assessment. Before such provisions could be invoked for the purpose of providing the means for paying for the improvement by an assessment upon adjoining property, it must have appeared that theretofore there had been an attempt made to collect the cost of such improvement by an assessment. Except for this single purpose the first assessment and all proceedings thereunder could have no force in determining the legality of the re-assessment."

See, also, *Frederick v. Seattle*, 13 Wash. 428 (43 Pac. 364).

We do not think the trial in the superior court upon the

original assessment was conclusive of any fact that appeared in issue at the trial upon the re-assessment. But the appellant Wood is the owner of forty acres of land which, when assessed, was the property of Lucy V. Ryan, and was known as the William N. Kincaid donation claim. It is a square tract of land, wholly unplatted, used exclusively for farm purposes, and abutting on the improvement for a distance of six hundred and forty feet. The entire tract was assessed for this improvement. The estimate of the benefits and assessment must be confined to that portion of the land fronting on the improvement. It was not competent to tax the land not so fronting, or to take into consideration the benefit such portion might derive by improving the street in front of other portions. It appears plainly that a large portion of this tract of land did not abut on the improvement. We see no way that the assessment can now be segregated so that the payment of the tax can be made by the portion which does abut upon the improvement.

Some question is made by respondent of the appeal taken by Wood, but the record here discloses that he has properly appealed.

The judgment of the superior court is modified so that the southeast quarter of the William N. Kincaid donation claim containing forty acres is relieved from the lien and charge of the assessment, and in all other regards it is affirmed.

SCOTT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.