[No. 5980. Decided April 12, 1906.]

FRANCES E. LESTER, *Respondent,* v. THE CITY OF SEATTLE et al., *Appellants.*[1]

MUNICIPAL CORPORATIONS—LOCAL ASSESSMENTS—CANCELLATION—JUDGMENT—RIGHT TO REASSESS. A judgment cancelling a void assessment is erroneous in enjoining the city from collecting anything further on account of the improvement, since it has the right to make a reassessment.

Appeal from a judgment of the superior court for King county, Frater, J., entered June 19, 1905, upon findings in favor of the plaintiff in an action to cancel a municipal assessment. Modified.

*Scott Calhoun,* for appellants.

*C. M. Miller* and *Byers & Byers,* for respondent.

PER CURIAM.—The main question argued on this appeal was determined adversely to the appellants by this court in the case of *State ex rel. Barber Asphalt Pav. Co. v. Seattle, ante*

[1]Reported in 85 Pac. 14.

p. 370, 85 Pac. 11. The judgment entered by the trial court, however, not only canceled the void assessment on the respondent's property and enjoined its collection, but it enjoined the city from "collecting or attempting to collect any further amount on account of said improvement." Since the city has the right to reassess the respondent's property for its due proportion of the cost of the improvement remaining unprovided for, that part of the judgment quoted is plainly erroneous, and the city should not be embarassed by it in its effort to make a reassessment. The judgment is reversed, and the cause remanded with instructions to modify the judgment in accordance with this opinion.