[No. 11971.    Department One.    October 8, 1914.]

THE STATE OF WASHINGTON, *on the Relation of*
*W. J. Hindley et al., Plaintiff*, v. THE SUPERIOR
COURT FOR SPOKANE COUNTY *et al.*,
*Respondents.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS — ASSESSMENTS — REAS-SESSMENTS.  Under 3 Rem. & Bal. Code, §§ 7892-42, 7892-43, granting the right to reassess property for benefits from a public improvement when a part or the whole of a previous assessment or reassessment had been held invalid, and providing that the reassessment roll may "include any property specially benefited by such improvement whether or not the same was included in the original assessment district," the fact that the supreme court had, on appeal, ordered the city to vacate the original assessment and recast a reassessment so as to limit, to a specified sum, the amounts to be assessed against certain property, does not prevent the city from making a second reassessment in an enlarged district and including therein additional costs and interest accrued, in which the questions of benefits and apportionment thereof are as much original questions as in the former proceedings; since such judgment is not *res judicata* on a second reassessment prosecuted as an original proceeding and does not limit the amounts to be assessed on such second reassessment, which would be reviewable only on a subsequent appeal therefrom.

SAME—ASSESSMENTS—LIMITATION.  3 Rem. & Bal. Code, § 7892-12, providing that property within a local improvement district in cities of the first class shall not be assessed in excess of fifty per cent of the assessed valuation of all the property in the district unless petitioned for, does not constitute a limitation upon the amount which each tract may be charged with, but has reference to the value of the property in the entire district.

Certiorari to review a judgment of the superior court for Spokane county, Huneke, J., entered April 14, 1914, upon findings in favor of the plaintiff, after a trial to the court, in mandamus proceedings to correct an assessment roll.  Affirmed.

[1]Reported in 143 Pac. 455.

*H. M. Stephens, Wm. E. Richardson, Ernest E. Sargeant,* and *Dale D. Drain,* for relators.

*Skuse & Morrill* and *Starkey & Belknap,* for respondents.

MAIN, J.—This cause is brought here by certiorari to review a judgment of the superior court entered in a mandamus proceeding. The facts are as follows: On the 14th day of July, 1911, the city council of the city of Spokane passed ordinance No. C-199, which provided for the improvement in that city of the Northwest boulevard, by grading, paving, etc. Thereafter, a contract for the improvement was executed, and in due time the construction thereof was completed. For the purpose of meeting the cost of the improvement, an assessment roll was prepared. Notice was given, as required by law, to property owners affected by the roll to present objections. In response to this notice, a considerable number of property owners affected thereby urged objection to its confirmation. The city council, however, overruled the objections and confirmed the roll. An appeal to the superior court followed. On the 18th day of October, 1912, the superior court adjudged the assessment illegal, void, and of no effect as a lien against the property of the objectors who had appealed from the order of confirmation by the city council.

Thereafter, and on the 23d day of December, 1912, the city council, by ordinance No. C-1182, provided for a reassessment, and a reassessment roll was prepared in accordance with this ordinance. Notice was given to property owners as required by law to present objections. Responding to this notice, about one-half of the property owners within the district filed objections. The city council overruled these objections, and confirmed the reassessment roll. An appeal was taken to the superior court. On the 2d day of June, 1913, the superior court adjudged that the reassessment against the property of the appellants was illegal and void as to all sums and amounts in excess of 21.632 per

cent of the assessment thereon as shown by the reassessment roll. In this judgment, the proper officers were ordered and directed to cancel the assessment so far as it exceeded the limit fixed by the court, and reduce the same to an amount not exceeding the amount which the property represented would have borne had the total cost of the improvement been $29,246.50. It was also provided in the judgment "that, in the event that a reassessment is made in the enlarged district, the property of these appellants shall not be assessed in any sum or amount in excess of 21.632 per cent of the assessment thereon as shown by the reassessment roll in this case."

The cost of the improvement was $135,200.50. The reassessment roll aggregated this amount. The assessed valuation of the property within the reassessment district was approximately $58,000. It thus appears that the reassessment roll, as well as the original roll, had attempted to assess the property within the district at a greater sum than fifty per cent of the assessed valuation of the property therein. From the judgment of the superior court upon the reassessment roll, an appeal was taken to this court, and in *Van Der Creek v. Spokane*, 78 Wash. 94, 138 Pac. 560, the judgment was affirmed. Thereafter, certain of the property owners who had appealed from the confirmation by the city council to the superior court, tendered to the city treasurer the amount of the assessment upon their respective properties, as reduced by the judgment of the superior court, and demanded that the same be accepted in full payment. The treasurer declined to accept the amounts tendered in full payment. On or about the 4th day of April, 1914, the property owners whose assessments had been reduced by the judgment of the superior court entered on the 2d day of June, 1913, instituted an action in mandamus against the city and its officers, in which a writ of mandate was prayed for compelling the cancellation of the original assessment, and a recasting of the reassessment roll prepared under ordinance No. C-1182, by eliminating therefrom all sums in excess of

21.632 per cent of the assessment as it appeared upon the
reassessment roll. After issues were formed, the cause came
on for hearing before the superior court, and thereupon a
writ of mandate was issued. This writ of mandate directed
that the original assessment roll be cancelled, vacated, and
set aside, and that the reassessment roll be recast so as to
reduce the reassessment and set aside the same as to all sums
and amounts in excess of 21.632 per cent of the amount as
shown by the reassessment roll. For the purpose of review-
ing the judgment of the court ordering the writ of mandate
to issue, the cause has been brought to this court.

The brief of the city and its officers has taken a somewhat
wide range, but when close attention is given to the writ of
mandate here for review, the questions are somewhat circum-
scribed. The ordering or mandatory part of the writ is as
follows:

"Now, therefore, we do command you and each of you,
that you forthwith, upon receipt of this writ of mandate,
cancel, vacate and set aside the original assessment roll made
against the property of these parties for the improvement of
Northwest Boulevard by grading, curbing, parking, side-
walking and paving, and the erection of a trestle and all
thereof as created under ordinance number C-199, and also
forthwith recast the assessment roll created under ordinance
number C-1182, and to reduce the assessment, taxes and lien
as created thereby for said improvement, and to vacate and
set aside the same as to all sums and amounts in excess of
21.632 per cent of the assessment thereon as shown by said
assessment roll, all in accordance with the judgment and de-
cree of this court as rendered on the 18th day of October,
1912, and on the 2d day of June, 1913."

This was followed by a description of the "respective
properties of these parties here involved, and to which this
writ shall apply." It will be seen that, in this mandate, two
things are required of the city and its officers. First, that
the original assessment roll, so far as it affected the parties
to the proceedings, be cancelled and set aside in accordance
with the judgment rendered on October 18, 1912; and sec-

ond, that the reassessment roll be recast in accordance with
the judgment of June 2, 1913. The writ does not require
the city or its proper officer to accept any sum of money in
full payment for which the property may be liable on ac-
count of the improvement. The judgment of October 18,
1912, did not assume or purport to invalidate the roll, other
than so far as the objecting property owners were concerned.
.The judgment of June 2, 1913, did not direct a recasting
of the reassessment roll, except in so far as it affected the
objectors therein. What may be the status either of the
original or reassessment rolls, as to property owners not ob-
jecting, is a question not now before us, as neither of the
judgments referred to, nor the writ, purport to affect such
property. One of the objections urged against the issuance
of the writ of mandate was that the city was proceeding to
make a second reassessment in an enlarged district which
would provide sufficient funds to meet the cost of the im-
provement. We do not see how this second reassessment can
be invalid in the present proceeding. The right to reassess
when a part or the whole of a previous assessment or re-
assessment has been declared invalid, is statutory. Laws of
1911, p. 468, ch. 98, § 42 (3 Rem. & Bal. Code, § 7892-42).
And in making the reassessment, the question of benefits,
and the apportionment thereof are as much original ques-
tions as they are in the original assessment proceeding.
*Cline v. Seattle,* 13 Wash. 444, 43 Pac. 367; *Ryan v. Sum-
ner,* 17 Wash. 228, 49 Pac. 487; *Allen v. Bellingham,* 77
Wash. 469, 137 Pac. 1016; *Inner-Circle Property Co. v.
Seattle,* 69 Wash. 508, 125 Pac. 970. In the case last cited,
it was said:

"In a reassessment proceeding, the questions of benefits
and apportionment thereof are as much original questions as
they are in the original assessment proceeding."

By § 43 (Id., § 7892-43) of the local improvement law, it
is provided that, when there is a reassessment roll prepared,
it may "include any property specially benefited by such im-

provement whether or not the same was included in the orig-
inal assessment district." The fact that the original assess-
ment roll was not declared invalid in its entirety, and the
reassessment roll was only adjudged invalid in part, does not
prevent a further reassessment, but the payment under the
original or under the reassessment rolls would become a *pro
tanto* payment upon a second reassessment. In *Johnson v.
Seattle*, 53 Wash. 564, 102 Pac. 448, it was said:

"This statement [quoting from *State ex rel. Barber
Asphalt Paving Co. v. Seattle*, 42 Wash. 370, 85 Pac. 11]
indicates that the city has authority to reassess the whole
improvement district to pay for benefits to the property im-
proved, and when considered in connection with what was
said later in the other case [*Lester v. Seattle*, 42 Wash. 539,
85 Pac. 14] makes it clear that the city had such authority
notwithstanding we had held a part of the assessment valid.
The city also clearly had a right to include within the assess-
ment additional costs and interest accrued. [Citing cases.]

"The cases brought under the old assessment above re-
ferred to are not *res adjudicata*, for the reason that the old
assessment is superseded by the reassessment. Those cases
had reference to the old assessment, and were *res adjudicata*
as to the questions raised therein; but they are not so as to
the reassessment, further than a payment under the old
assessment becomes by the ordinance a payment *pro tanto*
under the reassessment."

The city complains of that provision in the judgment of
the superior court of June 2, 1913, which sought to limit,
in the event of a second reassessment, the amount which
might be imposed upon the property of the objectors. As
already stated, this judgment was affirmed by this court.
*Van Der Creek v. Spokane, supra.* The principal question
in that case was whether the city, upon a reassessment, was
limited to fifty per cent of the assessed valuation of the prop-
erty within such district. If the superior court erred in
that case in including in its judgment a provision that, in
the event a reassessment should be made in an enlarged dis-
trict, the property of the parties then before the court should

not be assessed in excess of a certain amount, and this court, in affirming the judgment, acted improvidently, the question can be properly resolved when the second reassessment roll now under contemplation by the city comes before the court.

But the city contends that, in making the second reassessment, it should not be hampered or embarrassed by that provision of the judgment of June 2, 1913, which sought to limit the amount which certain property might be assessed. This proposition seems to be founded in reason. Section 12 (Id., § 7892-12) of the local improvement law provides that, in cities of the first class, property within the local improvement district shall not be assessed in excess of fifty per cent of the assessed valuation of all the property within that district, unless petitioned for as therein provided. In *Ferry v. Tacoma*, 34 Wash. 652, 76 Pac. 277, this court, in construing a charter provision of like import, held that the unit for determining when the local assessment exceeded fifty per cent of the assessed valuation of the property was the assessment district, and not the particular lots or tracts of property therein. In *Hapgood v. Seattle*, 69 Wash. 497, 125 Pac. 965, construing a similar statute, it was said:

"Manifestly these statutes and charter provisions do not constitute a limitation upon the amount which each tract may be charged by special assessment; but, like a general debt limit prescribed by constitution or statute against a municipality, refer to the total debt which may be incurred as compared with the total assessed value of the property in the entire district. It is simply a measure of the amount of the entire debt which may be incurred, and is not a measure of how much each particular tract or class of tracts may be charged in raising funds to pay such debt."

This court cannot, however, modify a judgment which is not before it, or overrule its previous decision on a point when the question is not involved in the present proceeding. If, in preparing the second reassessment roll, the city disregards that provision of the judgment of June 2, 1913, which attempts to impose upon it a limitation, and prepares the

roll as in an original and new undertaking, the question can then be squarely presented upon any appeal that may follow. The provision of the judgment complained of, while adjudging that, upon a reassessment, a limitation is fixed, does not in form or substance restrain or prohibit the city or its officers from exceeding such limitation. Since the writ of mandate did not seek to place any limitations upon a future assessment, but only directed the cancellation of the original roll and the recasting of the first assessment roll in accordance with the two judgments mentioned, the judgment of the superior court should be affirmed, and it is so ordered.

PARKER, ELLIS, and GOSE, JJ., concur.