[No. 13222. Department One. March 9, 1916.]

EAST HOQUIAM COMPANY *et al.*, *Appellants*, v. THE CITY OF
HOQUIAM, *Respondent*, GRAYS HARBOR CONSTRUCTION
COMPANY, *Intervener*.[1]

MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS — REASSESSMENT
—STATUTES—RETROACTIVE EFFECT. Laws 1915, p. 526, amending 3
Rem. & Bal. Code, § 7892-12, so as to limit assessments for local im-
provements in certain cities in case the estimated costs of the im-
provement exceeds fifty per cent of the assessed valuation of the
property, has no retroactive effect and does not apply to a reassess-
ment made after the passage of the act, where the improvement was
initiated, the contract let, the work completed, the original assess-
ment levied, and the special benefit conferred prior to the passage of
the act.

JUDGMENT—RES JUDICATA—MATTERS CONCLUDED. A judgment set-
ting aside a local improvement assessment as made upon a funda-
mentally wrong basis, and as in excess of the benefits derived and in
excess of the assessed valuation, is not *res judicata* and conclusive
that the assessed valuation was the limit of the special benefits, al-
though in a memorandum opinion the court expressed the opinion
that the assessment was void because it exceeded the assessed valu-
ation.

MUNICIPAL CORPORATIONS — SPECIAL ASSESSMENTS — BENEFITS—
LIMIT—VALUATION FOR TAXATION. The fact that the entire assess-
ment for a local improvement exceeded the valuation of all the prop-
erty in the district for general taxation does not tend to show that
the assessments exceed the special benefits conferred on the entire
district or the property assessed; there being no relation between the
benefits and general taxation valuations.

JUDGMENT—MATTERS CONCLUDED—ASSESSMENTS — VACATION — RE-
ASSESSMENTS. Any provision in a judgment vacating an assessment
attempting to fix a limit to the power to reassess specific tracts,
other than the natural limit of cost apportioned to the benefits, is
beyond any legal issue and not binding on the supreme court on ap-
peal.

SAME—MATTERS CONCLUDED—SPECIAL BENEFITS—REASSESSMENTS.
A judgment vacating an assessment for a local improvement upon a
finding that specific tracts were assessed in excess of the benefits
conferred, is *res judicata* and binding upon the city and a bar to a
reassessment of the same tracts for the same improvement in the
same or greater amounts.

[1]Reported in 155 Pac. 754.

Appeal from a judgment of the superior court for Grays Harbor county, Irwin, J., entered September 15, 1915, confirming an assessment roll, upon appeal from the city commission. Reversed.

*Morgan & Brewer* and *Frank C. Owings*, for appellants.

*Sidney Moor Heath, Geo. D. Abel,* and *W. H. Abel,* for respondent and intervener. ·

Ellis, J.—This is an appeal from a judgment affirming the order confirming a reassessment roll prepared by the city commission of Hoquiam, a city of the second class, reassessing, among others, certain lands belonging to the appellants. A former assessment was set aside by the superior court upon the grounds that the assessment had been made upon a fundamentally wrong basis and that the property of these appellants had been assessed in excess of the benefits. On the appeal to the superior court from the reassessment roll, the appellants introduced no evidence on the question of benefits, save the record on the first appeal containing the court's findings of fact, conclusions of law and judgment. It was stipulated that the assessed valuation for general taxation of all the property in the district for the year 1914 was $23,565. The improvement had been completed and accepted and the original assessment had been held invalid prior to the enactment of chapter 168 of the Laws of 1915, p. 526, amending 3 Rem. & Bal. Code, § 7892-12, relating to the limit of assessments. That amendment went into effect shortly prior to the approval of the reassessment roll by the city commission. The questions presented are largely of first impression and require full consideration.

I. Appellants first contend that the reassessment is invalid in that its total exceeds fifty per cent of the assessed valuation for general taxation of all the property in the district. The aggregate of the reassessment for the entire district was $17,380. Fifty per cent of the assessed valuation

at the time the reassessment was made was $11,782.50. The amendment of 1915, so far as here material, reads as follows:

"The council shall have jurisdiction to proceed with any such improvement initiated by petition or resolution: *Pro-vided,* That in any city of the first class *or city organized and existing under the commission form of government pro-vided for in chapter 116 of the Laws of 1911,* it appears from the certificate of the board, officer, or authority designated by charter or ordinance to determine the same that *the pro-portion of* the estimated cost and expense thereof *to be as-sessed against the property in the proposed improvement dis-trict* does not exceed fifty per cent (50%) of the valuation of the real estate, exclusive of improvements thereon, within such district, according to the valuation last placed upon it for purposes of general taxation: *Provided,* That this limit may be exceeded when any such improvement shall be peti-tioned for in the manner provided in section 7892-9 of Rem. & Bal. Code, and such petition shall be signed by the owners of *sixty (60%) per cent of the lineal frontage upon the improve-ment to be made and three-fourths of* the area within the limits of the proposed improvement district, and shall specify a cer-tain higher percentage up to which the property within such proposed improvement district may be assessed: *Provided, further, That the jurisdiction of the council or other legis-lative authority to proceed with any such improvement initi-ated by resolution shall be divested by a protest filed with the council prior to the awarding of the contract for such improvement signed by the owners of three-fourths of the area within the limits of the proposed improvement district.*"

We have italicized the parts added to the original section by the amendment. Appellants' argument under this first head is based upon the claim that, in making the reassess-ment, the city commission was bound by the limitation as it existed at the time the reassessment was made. Section 7892-42 of 3 Rem. & Bal. Code is cited in support of this claim. That section provides that every assessment shall be made in accordance with the provisions of law and ordinances existing at the time of its levy. The argument is specious. It begs the question. It assumes that the amendment of

1915, which for the first time imposed any limitation, save that of actual cost and special benefits, upon the power of cities other than of the first class, to assess or reassess, is retroactive and is intended to apply to improvements theretofore initiated and completed. The amended section is, however, clearly prospective in its terms. The very first clause indicates that it shall not apply to improvements theretofore made, since it authorizes the council to *proceed* with improvements initiated by petition or resolution. Obviously this language, which indicates the purview of the whole section, can have no application to an improvement already completed. It would be idle to authorize the council to proceed with a thing already performed. The section throughout negatives the idea of a retroactive intention. It is made to apply to a "proposed improvement district." It contemplates a preliminary estimate of the cost of the improvement. Manifestly, such an estimate would be an idle formality as to an improvement made long prior to the passage of the act. After the improvement has been made, the cost is no longer a matter of estimate, but an actuality.

If any doubt could exist as to the purely prospective intention of this section, that doubt is removed by the last proviso added by the amendment, which declares that the jurisdiction to proceed with the improvement shall be divested by a protest filed with the council "prior to the awarding of the contract for such improvement," etc. It is too clear for cavil that this section cannot apply to any improvement not only initiated prior to its passage, but for which the contract had been awarded and performed by the making and acceptance of the improvement. Suppose that the improvement here in question had been completed, as it was, prior to the enactment of this amendment, but that the original assessment roll had not been made until after that enactment. We apprehend that no one would seriously contend that, in such a case, the fifty per cent limit fixed by this amendment would have any application. The case supposed is in no

sense different from the case before us. It is true that the original assessment was made prior to the passage of the amendment applying the fifty per cent limit to cities other than of the first class, but it is also true that that assessment was set aside and the reassessment was made to pay for the same improvement. We find it unnecessary to enter at length into the invited discussion as to the constitutional power of the legislature to have made this limitation retroactive, since, even assuming the power, it has not done so. The city having initiated this improvement, let the contract, completed the work and accepted the benefit, has the right to levy an assessment for the full cost of the work, up to the limit of the special benefits conferred, to pay for it. We cannot blink the fact that the other view would be to countenance an enforced repudiation of a moral obligation legally incurred. *People ex rel. Whitley v. Common Council of Lansing,* 27 Mich. 130. That the legislature ever intended such a result will not be assumed, in the absence of a specific declaration to that effect.

II. It is next asserted that, in setting aside the first assessment, the trial court found the assessed valuation to be the limit of the special benefits to the property in the district as a matter of fact. It is argued that this is *res judicata,* and that there can, therefore, be no reassessment on the entire district in excess of the assessed valuation for general taxation of the property within the district at the time the finding was made. This position is unsound for two reasons. In the first place, the court made no such finding. It is true that, in his memorandum decision in the first case, the learned trial judge expressed the opinion that the fact that the cost of the improvement exceeded the assessed valuation of the property in the district was ground for holding the assessment void, but he did not carry that view into his findings of fact or conclusions of law. His findings, so far as here material, were (1) that the cost of the improvement, as fixed by the preliminary estimate, was $17,279.97; (2) that the

assessed valuation for general taxation of the property within the district at the time the improvement was made was $13,685; (3) that the assessment was made upon a fundamentally wrong basis, in that some of the property was assessed upon a front-foot basis and some upon a square-foot basis, and for other reasons foreign to the question of assessed valuation; and (4) that specifically described properties of the appellants were assessed in specific sums which were in excess of the benefits. He then concluded, as a matter of law, that the assessments as to these properties should be set aside as "made upon a fundamentally wrong basis" and "in excess of the benefits derived." There is nothing in all of this adopting, as a matter of fact, the assessed valuation for taxation as the limit of actual benefits. It is true, also, that the judgment recites that the assessments are set aside as having been "made upon a fundamentally wrong basis" and as "being in excess of benefits derived and in excess of the assessed valuation of the property involved." But this is neither a finding nor an adjudication that the actual benefits derived to the whole district did not in fact exceed the assessed valuation of all the property in the district. Even assuming, therefore, that the finding supposed would have been *res judicata*, appellant's argument fails for lack of a minor premise, since no such finding was made.

In the second place, there is no natural or logical relation between the benefits to property derived from a given improvement and the assessed valuation of that property for the purpose of general taxation. The finding that the entire assessment for the local improvement exceeded the valuation of all the property in the district for general taxation, which was the finding actually made, had no logical tendency to show that the special assessment exceeded the special benefits conferred, either on the entire district or on any specific property therein. Had the court actually made a finding that the assessment was void because it exceeded the valua-

tion for the purpose of taxation and based his judgment vacating the first assessment on that alone, the judgment would have been a palpable *non-sequitur* from the finding and void on its face, since in the absence of a legislative declaration to that effect, such a finding would be no ground for the vacation of the assessment, and certainly not *res judicata* in a proceeding to reassess based upon actual cost and special benefits. In the absence of a statutory limitation, any provision in a judgment vacating an assessment, attempting to fix a limit to the power to reassess specific tracts in the district other than the natural limit of cost proportioned to benefits conferred, is *brutum fulmen,* because beyond any issue legally cognizable by the court. A judgment purporting to impose such a limit, though unappealed from or even affirmed on appeal, will not be binding on this court on an appeal from a reassessment. The courts have no power to so embarrass the city in making a reassessment. Such is the logical trend of our own decisions. *Johnson v. Seattle,* 53 Wash. 564, 102 Pac. 448; *Allen v. Bellingham,* 77 Wash. 469, 137 Pac. 1016; *State ex rel. Hindley v. Superior Court,* 82 Wash. 37, 143 Pac. 455; *Inner-Circle Property Co. v. Seattle,* 69 Wash. 508, 125 Pac. 970; *Lester v. Seattle,* 42 Wash. 539, 85 Pac. 14; *Ryan v. Sumner,* 17 Wash. 228, 49 Pac. 487.

Any other rule would make the power to reassess for benefits conferred a mere matter of grace to be accorded by the courts, rather than a matter of right as declared by the statute. The legislature alone has the power to declare a limit other than the natural limit of actual cost and special benefits, which is the limit impliedly recognized by the constitution. Const., art. 7, § 9. It is, of course, admitted that there was no such limitation as to cities of the class here involved at the time the first assessment was set aside. The amendment of 1915, as we have seen, is not retroactive. The finding, therefore, that the assessment exceeded the assessed valuation for general taxation is not *res judicata* of

the right to reassess the entire district or any specific property therein in excess of the assessed valuation.

III.   Finally, it is contended that the finding of the trial court in setting aside the first assessment, that it exceeded the benefits to the appellants' properties, is *res judicata* of the question of benefits.   In the first proceeding, the court found that the assessment upon some thirty-four pieces of the appellants' properties exceeded the benefits derived by those properties from the improvment "by a considerable." In the court's finding were set out the specific descriptions of those properties and the amounts assessed against each which were found excessive.   In the reassessment roll, which is now before us, these same properties are included, and all of them, save seven, are assessed in amounts larger than in the original roll.   Three additional properties belonging to the appellants are included and assessed in the reassessment roll. It is urged that the city commission had no power to reassess these same properties for the same improvement except in sums materially less than the amounts held on the first appeal excessive of benefits.

The appellants invoke the broad general rule that, in an action between the same parties, a judgment is *res judicata* of all matters in issue and all matters that might have been raised and adjudicated.   Obviously, that rule cannot be applied as between an original assessment and a reassessment without rendering the statute authorizing a reassessment nugatory.   The subject-matter of the first contest was the origial assessment roll, that of the second contest, the roll on reassessment.   *Shepherd v. Kansas City*, 81 Kan. 369, 105 Pac. 531.

An order or judgment directing the recasting or modification of an original assessment roll is, of course, *res judicata* of the thing ordered in all subsequent litigation *touching that roll*, but a judgment annulling or setting aside an original roll in whole or in part and leaving it to the determination of the city authorities whether a reassessment or supplemental

assessment shall be made in pursuance of their statutory power, in the very nature of the thing can be *res judicata* only as to the invalidity of the first roll, except where that judgment, on a proper issue formed, has finally and specifically determined the one thing which must inhere in any valid assessment, namely, the special benefits to given property.   2 Page & Jones, Taxation by Assessment, § 991; *Mills v. Charleton*, 29 Wis. 400, 9 Am. Rep. 578.

As said in *Johnson v. Seattle, supra:*

"The cases brought under the old assessment above referred to are not *res judicata*, for the reason that the old assessment is superseded by the reassessment.   Those cases had reference to the old assessment, and were *res judicata* as to the questions raised therein; but they are not so as to the reassessment, further than a payment under the old assessment becomes by the ordinance a payment *pro tanto* under the reassessment.   The assessment is identical with the red figures in the old assessment, and appears to be a fair assessment for benefits received by the property in the district.   It is not claimed that the property improved has not received benefits to the amount of the reassessment."

The cases referred to in the above quotation are *State ex rel. Barber Asphalt Pav. Co. v. Seattle*, 42 Wash. 370, 85 Pac. 11, and *Lester v. Seattle, supra*.   In the first of those cases, it was adjudged that a part of the assessment, spread without notice upon a sixty-foot strip additional to the strip of one hundred twenty feet abutting the improvement, which alone was included in the notice of assessment, was void for lack of notice, but the power of the city to make a reassessment for the cost of the work was recognized, and the right of the contractor to compel an exercise of that power by the city was declared.

In the *Johnson* case, above quoted, the prior judgment was held not *res judicata* precluding the right of the city on proper notice to reassess the same property in precisely the same amounts as in the original void assessment; this, obviously, because the question of benefits was not determined

in the first judgment. See, also, the other decisions of this
court hereinbefore cited to the same effect. But where, as
in the case before us, in the first judgment it was adjudicated
on a proper issue that the specific property is not benefited
by the improvement in excess of a given sum, or that an
assessment in a given sum on specific property exceeds the
special benefits to that property, a different question is pre-
sented. It is obvious that such a judgment determines a
question of fact between the same parties, which, in the ab-
sence of changed conditions, remains the same regardless of
the particular proceeding in which the same fact becomes an
issue. *Schuchard v. Seattle*, 51 Wash. 41, 97 Pac. 1106.
The first judgment is, therefore, necessarily *res judicata* as
to that fact between the same parties on a reassessment.
Otherwise, a judgment setting aside an assessment on spe-
cific property on the sole ground that the assessment ex-
ceeded the benefits to that property would be an idle form,
since the city could reassess the property in the same sum
*ad infinitum*. Taxation by special assessment is defensible
only upon the theory of corresponding special benefits to the
property assessed. Const., art. 7, § 9. That is the sole
moral basis of the right to reassess where the first assess-
ment has failed for any reason other than the lack of special
benefits to the property assessed. *Freeport St. R. Co. v.
Freeport*, 151 Ill. 451, 38 N. E. 137; *In re Shilshole Avenue*,
85 Wash. 522, 148 Pac. 781; *Seattle v. Kelleher*, 195 U. S.
351.

But where it is once determined by a court of competent
jurisdiction, in an action between the city and the property
owner, that given property cannot be benefited by an im-
provement as much as a given sum, the moral right, and
hence the legal authority, to reassess for that sum or a
greater sum does not exist. Such a judgment goes to the
very ground-work or basis of any assessment. *Greeley v.
Town of Cicero*, 148 Ill. 632, 36 N. E. 603; *Town of Cicero*

v. *Green*, 211 Ill. 241, 71 N. E. 884. It is true that we said
in the case of *Inner-Circle Property Co. v. Seattle, supra:*

"In a reassessment proceeding, the questions of benefits
and apportionment thereof are as much original questions as
they are in the original assessment proceeding."

Language equally broad is found in our decisions in *Allen
v. Bellingham, State ex rel. Hindley v. Superior Court,* and
*Johnson v. Seattle, supra;* but in none of these cases did it
appear that the judgment annulling the first assessment con-
tained any adjudication that the specific property involved
was not specially benefited by the improvement in a sum
equal to or greater than the amount of the first assessment.
The question here under consideration was not involved in
any of those cases. The language there used must, there-
fore, be construed as applying to judgments based on other
grounds, touching which, as we have seen, it is strictly ac-
curate.

In the case before us, the judgment on the first roll having
determined that the specific assessments against the appel-
lants' properties in that roll exceeded the benefits to those
properties, finally determined that question and was binding
upon the city, precluding it from assessing the same prop-
erties in the same or greater amounts.

We do not hold that a finding of no benefits, or of benefits
less than a given amount, would be *res judicata* where, before
the reassessment, a defective improvement has been changed,
or for any other reason the relation of the improvement to
specific property has been altered, so as to lay the founda-
tion for evidence that property not originally benefited has
received an actual physical benefit, or that property orig-
inally benefited in a certain amount has received an increased
benefit. On such a case, we express no opinion.

On the facts before us we conclude (1) that a new assess-
ment should be made on all property benefited for the reason-
able value of the improvement, which, in the absence of proof
to the contrary, is its actual cost, unlimited by the amount

of the valuation of the property in the district for general taxation, either at the time the improvement was made or at the time of the new assessment; and (2) that the new assessment on each of the appellants' lots shall be substantially less than the trial court found to be excessive of benefits in the first proceeding.

Reversed and remanded for further proceedings.

MORRIS, C. J., MOUNT, and FULLERTON, JJ., concur.

CHADWICK, J., concurs in the result.