[No. 13065. *En Banc.* May 13, 1916.]

WERNER EGGERTH *et al., Respondents,* v. THE CITY OF SPOKANE, *Appellant.*[1]

JUDGMENT—CONCLUSIVENESS—ASSESSMENTS—MUNICIPAL CORPORA-TIONS—REASSESSMENTS — LIMIT — ENLARGED DISTRICT.   A judgment upon appeal from a city council, reducing an assessment for a local improvement to fifty per cent of the assessed value of the property in the district, as limited by 3 Rem. & Bal. Code, § 7892-12, is not *res judicata* of the right to reassess the property in excess of the reduced amounts, in proceedings therefor including the property, in an enlarged district, in which the unit for determining the fifty per cent limit is the entire enlarged assessment district, and not the particular lots or tracts composing the district; as the reassessment is an assessment *de novo* in all things; especially in view of 3 Rem. & Bal. Code, § 7892-14 expressly authorizing an enlarged district for a reassessment; and Id., § 7892-43, declaring that the reassessment may include property not in the original assessment district.

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—REASSESSMENTS —PROCEDURE—STATUTES.   A reassessment under 3 Rem. & Bal. Code, § 7892-43 is an independent proceeding which may be made without reference to Id., §§ 7892-13 and 7892-14 relating to the initiation of the improvement, which have no application to reassessments, this being the necessary implication from Id., § 7892-44 specifying in what particulars the law governing original assessments shall apply to reassessments.

SAME—REASSESSMENTS—VALIDITY.   Any reassessment based on notice and a hearing is valid where in its aggregate it does not exceed the actual cost of the improvement and interest, less any sum paid under a former assessment, and it is equitably distributed upon all property specially benefited by the improvement in propor-tion to such benefits.

SAME — REASSESSMENTS — REBATES — NONOBJECTING OWNERS — WAIVER OF RIGHTS.   In making a reassessment, upon reducing the amounts charged against objecting owners, no levy can be made for the purpose of rebating to nonobjecting owners whose original as-sessments were left unchanged; since by not objecting they con-fessed the original assessments, and there is no authority for such rebates.

SAME—REASSESSMENT—REVIEW—DECISION.   The inclusion of an unlawful rebate in a reassessment does not necessitate a new assess-ment, as a horizontal reduction is a mere matter of calculation.

[1]Reported in 157 Pac. 859.

COSTS—ON APPEAL FROM ASSESSMENT—TRANSCRIPT—STATUTES. 3 Rem. & Bal. Code, § 7892-22, authorizing costs for a transcript fur-nished by a city clerk on appeal from an assessment roll, does not permit the allowance of costs for a transcript furnished by a party.

Appeal from a judgment of the superior court for Spo-kane county, Sullivan, J., entered August 19, 1915, upon findings in favor of the plaintiffs, setting aside a reassess-ment on appeal from the order of the city council confirming the roll. Reversed.

*H. M. Stephens, Ernest E. Sargeant,* and *Dale D. Drain,* for appellant.

*Skuse & Morrill, Clyde H. Belknap, A. G. Starkey, Graves, Kizer & Graves,* and *Hamblen & Gilbert,* for respondents.

ELLIS, J.—This is an appeal from a judgment annulling a reassessment roll upon the Northwest Boulevard improve-ment, in the city of Spokane. The original assessment roll was annulled by the superior court because it exceeds fifty per cent of the assessed valuation of the property within the district, exclusive of improvements. The second roll, being the first reassessment roll, was laid upon the same district for the full cost of the improvement, expenses and interest. On objection of the owners of much of the property in the district, that roll was reduced by the trial court to a little less than twenty-two per cent of the assessments as to ob-jecting property owners, on the ground that such was the limit which could be imposed under § 12 of the act of 1911 (Laws 1911, p. 445, § 12; 3 Rem. & Bal. Code, § 7892-12), limiting assessments to fifty per cent of the assessed valua-tion of the property in the district, exclusive of improve-ments. That judgment was affirmed by this court in *Van Der Creek v. Spokane,* 78 Wash. 94, 138 Pac. 560. There-after a mandamus proceeding was brought to require can-cellation of the original roll, and reduction of the second roll in accordance with the former judgment. The writ was granted, and that judgment was also affirmed by this court.

*State ex rel. Hindley v. Superior Court*, 82 Wash. 37, 143 Pac. 455. The second reassessment roll was then prepared covering a large amount of territory which the reassessment ordinance declared to be benefited by the improvement and which was not included in the preceding rolls. The assessed valuation of all the property in the new district is $727,818. The amount of assessments remaining on the first reassessment roll and the amount laid by the second reassessment roll aggregate $188,600.28. The amount of the cost of the improvement, with expenses and interest to July 1, 1915, the date as of which the second reassessment was made, was $154,712.43. The excess of approximately $34,000 of the assessment over this cost was levied in order to refund to nonobjecting property owners on the first reassessment roll the amounts in which the assessments on their properties exceed the assessments laid by the second reassessment roll on properties similarly situated. On appeal from the order of the council confirming this second reassessment roll, the superior court found all of the foregoing facts, and also:

"That the evidence is not sufficient to warrant the court in setting aside any assessment for lack of benefit. That the evidence does not show that the property is not benefited to the extent of the assessment made in accordance with the second reassessment roll before the court in this action."

It concluded as a matter of law that:

"The court refuses to set aside the assessment on account of lack of benefits, but does hold that the assessments should be cancelled because made on a fundamentally wrong basis, that is, on the basis of making refunds to the nonobjecting property owners on the first reassessment roll."

Judgment went accordingly, and the city has appealed.

As sustaining the annullment of this second reassessment roll, the respondents assert that the judgment reducing the first reassessment, as affirmed by this court, is *res judicata* of the right to assess their properties in excess of the amounts to which their assessments were reduced by that judgment.

In *Van Der Creek v. Spokane, supra,* touching the provision in the judgment of the trial court attempting to limit the amount of the assessment in case of a second reassessment to 21.632 per cent of the first reassessment against each specific property, we said:

"The city also complains that the superior court could not fix the amount that might be lawfully assessed against respondents' property. The factors in the equation are fixed, and appellant is not prejudiced by the order of the court; for, in reassessing, it could not, under the law, go beyond the figures fixed by the court in any event."

It is upon this language that the claim of *res judicata* is based. But it is clear that neither the trial court nor this court had the power to control in advance the action of the council in making the reassessment. Any attempt to do so was beyond the issues and void on its face. *East Hoquiam Co. v. Hoquiam,* 90 Wash. 210, 155 Pac. 754. The power to reassess is conferred by statute passed pursuant to the express terms of the constitution (art. 7, § 9) and can only be measured or controlled by the statute. That the above quoted language was used inadvertently and was not intended to control the future action of the council is shown by the earlier statement in the opinion that:

"A reassessment is permitted under §§ 42 and 43 of the Laws of 1911, pp. 468, 469 (3 Rem. & Bal. Code, §§ 7892-42, 7892-43). We shall not set them forth in this opinion, for a most casual perusal will show that the statute contemplates an assessment *de novo.*"

Again, in the last paragraph, we said:

"We are asked to decide that the council may enlarge the assessment district as heretofore defined, in order to bring in enough territory to pay the cost of the improvement. This we have no power or authority to do. If others are brought in, they are entitled to their day in court."

This is a definite disclaimer of the power or authority to control the action of the council in advance. Obviously, since

we cannot control in advance the limits of the new district, we cannot determine in advance the assessed valuation for general taxes of the property in such new district, hence cannot limit in advance the amount of the reassessment against the property therein with reference to that valuation otherwise than as limited by that valuation itself. But this question of *res judicata* is no longer an open one. In *State ex rel. Hindley v. Superior Court, supra*, speaking of this very matter, we said that the proposition is founded in reason that the city "should not be hampered or embarrassed" by the judgment of the superior court which sought to limit the amount which certain property might be assessed in case of a reassessment. The clear import of that decision is that when the second reassessment comes before the council, it shall be treated as an assessment *de novo* in all things. See, also, our recent decision so holding in the rehearing in *Kuehl v. Edmonds, ante* p. 195, 157 Pac. 850, and the numerous decisions of this court therein cited.

The language of the *Van Der Creek* case, upon which respondents rely, is inaccurate. The "factors of the equation" were not "fixed" by the proceeding on the first reassessment, except in that proceeding and as to the district as then constituted. The factors in the new and enlarged district now before us are different. Section 12 of the statute of 1911 (3 Rem. & Bal. Code, § 7892-12), relating to local improvements, provides that, in cities of the first class, the property within the local improvement district shall not be assessed in excess of fifty per cent of the assessed valuation for general taxation of the property within that district, exclusive of improvements, unless petitioned for as therein provided. In construing cognate charter provisions and the earlier statute of 1903 (2 Rem. & Bal. Code, § 7571), of like import, we have held uniformly that the unit for determining the fifty per cent limit is the entire assessment district and not the particular lots or tracts composing the dis-

trict. These may still be assessed to the limit of their proportional benefits, provided the aggregate shall not exceed fifty per cent of the assessed valuation of the whole district. *Ferry v. Tacoma,* 34 Wash. 652, 76 Pac. 277; *Hapgood v. Seattle,* 69 Wash. 497, 125 Pac. 965; *State ex rel. Hindley v. Superior Court, supra.* The assessed valuation for general taxation of all the property in the old district was $58,493. The assessed valuation for general taxation of all the property in the new district is $727,818. The factor fixing the limit beyond which the total assessments cannot go is fifty per cent of the assessed value of all the property in the district. Obviously, this factor changed when the district was changed. There is in the statute neither provision nor implication that the enlargement of the unit, the district, shall not enlarge the limit of the assessment. The necessary implication is just the contrary.

But the respondents argue that the limits of the first district being defined by § 13 of the act of 1911, and the total valuation of the property in that district being only $58,493, the limit of the power not only to assess, but to reassess, is fifty per cent of that valuation, or $29,246. This conclusion is based upon the assertion that the power of the city to reassess is dependent upon the fact as to whether or not it had the power to order the improvement and make the assessment in the first instance. This, of course, thus broadly stated, is not the law and never was. The legislature can authorize a reassessment even where the work was ordered and done without any initial jurisdiction or power in the city. *State ex rel. Hemen v. Ballard,* 16 Wash. 418, 47 Pac. 970; *Frederick v. Seattle,* 13 Wash. 428, 43 Pac. 364.

But even assuming counsel's postulate to be the law, the argument fails for the simple reason that the city council had the power by § 14 of the same statute of 1911 (3 Rem. & Bal. Code, § 7892-14), to have made an enlarged original district instead of that provided for in § 13, so as to include within the district property the assessed valuation of which

would have sustained an assessment sufficient to pay the actual cost of the improvement, provided only, that it found, as it did find in the second reassessment, that the property in such enlarged district was specially benefited by the improvement to the extent of such cost.   Moreover, the power to make an enlarged district for .reassessment or supplemental assessment is conferred in express terms in § 42 of the statute (3 Rem. & Bal. Code, § 7892-42).   It declares:

"Any city or town is hereby authorized to assess or reassess all property which the council shall find to be specially benefited to pay the whole or any portion of the cost and expense of any local improvements which such city or town has heretofore made, is now making, or may hereafter make at the expense in whole or in part of property specially benefited thereby, whether or not such property so to be assessed or reassessed abuts upon, is adjacent to, or proximate to such improvement, or was included in the original assessment district; and the right to so assess all property so found to be specially benefited shall also apply to any supplemental assessment or reassessment which such city or town may find it necessary to make for the purpose of providing for any deficiency in any local improvement district fund caused by the invalidity of any portion of the original assessment in such improvement district, or where for any cause the amount originally assessed shall not be sufficient to pay the cost of the improvement."

The next section, 3 Rem. & Bal. Code, § 7892-43, also declares that the reassessment roll "may include any property specially benefited by such improvement, whether or not the same was included in the original assessment district," and that the authorization to reassess shall extend to all cases where an assessment has failed because of any failure to comply with "the provisions of law" in the making of original assessments, "whether jurisdictional or otherwise." The reassessment is a proceeding *de novo*.   There can be no question of the council's power to enlarge the district for the purpose of reassessment.   It follows that the unit for

the determination of the fifty per cent limit of the assessed valuation is the district so formed.

It is further argued that, because the initial ordinance declared, as directed by the statute (§ 13), that the original district included all the property to be specially benefited, therefore there can be no enlarged district including other property. The argument is specious. The question of benefits is always a question of fact. The finding of benefits, as made in the original ordinance, was only *prima facie* and tentative. That is why the statute accords to the property owner a hearing on the question of benefits before any assessment roll is confirmed. The fact that, by reason of the enlarged district, the council was enabled to assess the respondents' properties in a greater amount than they could have been assessed in the original district is a matter of which they cannot complain, so long as their present assessments do not exceed the special benefits to their properties equitably apportioned with reference to the other properties in the district. Sections 13 and 14 (3 Rem. & Bal. Code, §§ 7892-13, 7892-14) relate to the *initiation of the improvement*. They show on their face that they were never intended to apply to reassessments or supplemental assessments to pay for improvements already made. Section 42 (Id., § 7892-42) authorizes the city to make reassessments and to "enforce their collection in accordance with the provisions of law and ordinance existing at the time the reassessment is made." But it does not provide that the reassessment shall be *either initiated or made* in accordance with the law relating to original assessments. On the contrary, § 43 presents an independent procedure for initiating and making the reassessment. It says:

"The city council of any city or town shall proceed with any assessment authorized in the preceding section by passing an ordinance ordering the same, and directing the preparation of an assessment-roll therefor, which roll may include any property specially benefited by such improvement,

whether or not the same was included in the original assess-
ment district. Such additional property when so assessed
shall become a part of the local improvement district there-
tofore created, or attempted to be created, to provide a fund
to pay for said improvement, and all payments of assess-
ments so ordered shall be paid into and become a part of
the local improvement fund provided to pay for said improve-
ment." 3 Rem. & Bal. Code, § 7892-43.

The next section, 3 Rem. & Bal. Code, § 7892-44, specifies
in what particulars the law governing original assessments
shall apply to reassessments. It omits any mention of the
formation of the district or of the distribution of the assess-
ments. The necessary implication is that these are governed
by §§ 7892-42 and 7892-43, which purport to cover them.
The inherent vice of the respondents' entire argument lies
in its persistent confusion of the two proceedings.

The sole criteria of the validity of a reassessment or sup-
plemental assessment roll (aside from the limitation to fifty
per cent of the assessed valuation for taxation of the prop-
erty in the new district), are that its aggregate shall not
exceed the actual costs and expenses of the improvement and
the accrued interest thereon, less any sums paid under any
former assessment, and that it shall be equitably distributed
upon all the property specially benefited by the improvement
in proportion to such benefits. Any reassessment or supple-
mental assessment attaining these results, based on notice
and a hearing, is valid. Such is the clear import of §§ 7892-
42 and 7892-43 of the statute of 1911.

The trial court found, as we have seen, that the evidence
was not sufficient to warrant the court in setting aside any
of the assessments for lack of benefits. A careful examina-
tion of the evidence convinces us that this finding should be
sustained. We are convinced that none of the objections
made before the trial court and urged here were sufficient to
warrant the court in annulling the second reassessment roll.
We are, however, equally convinced that the roll should have
been modified. We find no warrant in the statute for levying,

by means of the reassessment roll, any sum for the purpose of rebating property of nonobjecting owners whose assessments were left unchanged on the first reassessment roll. By not objecting to that roll, they tacitly confessed themselves content with the amounts assessed against them. However equitable this contemplated rebate may be, neither the council nor the courts have any power to make an assessment for that purpose. We find, therefore, that the assessments on the properties of the respondents here should be horizontally reduced in their proportion of the amount so assessed against the reassessment district to pay these rebates. There is no necessity for setting aside the second reassessment roll to accomplish this purpose. It is merely a matter of computation.

It is not clear in the record whether the assessments of the respondents here, as laid by the second reassessment roll, include the amounts allowed to stand against them by the judgment reducing the first reassessments as to their properties. The court found that the amount of the assessments remaining on the first reassessment roll against nonobjecting property is $76,759.55, exclusive of accrued interest, and that there remains on the abutting property on the second reassessment roll $12,641.95, which was levied and allowed to stand under the first reassessment. If, on transmission of the remittitur in this case, the trial court shall find that the amounts assessed against the properties of these respondents and allowed to stand on the first reassessment roll are included in their assessments on this second reassessment roll, then it is clear such assessments on the second reassessment roll should be correspondingly reduced.

The appellant city has excepted to the cost bill of the respondents as filed and allowed by the lower court, in that it includes $341.40 for the transcript on the appeal from the council to that court. It is conceded that no part of this, save $9.10, was paid to the city clerk. The respondents prepared their own transcript. It is the settled law of this

state that "costs are purely statutory, and can only be awarded when the statute gives them." *Meade v. French,* 4 Wash. 11, 29 Pac. 833; *Perlus v. Silver,* 71 Wash. 338, 128 Pac. 661; *Pierce County v. Magnuson,* 70 Wash. 639, 127 Pac. 302, Ann. Cas. 1914 B. 889; *Creighton v. Cole,* 10 Wash. 472, 38 Pac. 1007. Here the governing provision is found in § 22 of the act of 1911, 3 Rem. & Bal. Code, § 7892-22. It provides for the filing of a transcript:

"Which transcript, upon payment of the necessary fees therefor, shall be furnished by such city or town clerk and by him certified to contain full, true and correct copies of all matters and proceedings required to be included in such transcript. Such fees shall be the same as the fees payable to the county clerk for the preparation and certification of transcripts on appeal to the supreme court in civil actions."

We have repeatedly held that a party who prepares his own transcript on appeal to this court cannot recover costs for the same. *Tingley v. Bellingham Bay Boom Co.,* 5 Wash. 644, 32 Pac. 737, 33 Pac. 1055; *Clark v. Eltinge,* 39 Wash. 696, 83 Pac. 901. The analogy is complete. This item of the cost bill should be reduced to $9.10.

The judgment is reversed, and the roll is remanded for modification and confirmation in accordance with this opinion.

MORRIS, C. J., MOUNT, MAIN, HOLCOMB, and PARKER, JJ., concur.