[No. 14701. Department One. October 14, 1918.]

W. H. KAUFMAN et al., Respondents, v. J. B. McMILLAN et al., Appellants.[1]

HIGHWAYS—ESTABLISHMENT—PETITION—SIGNERS — SUFFICIENCY—STATUTES. There is no constitutional objection against the initiation of a permanent highway improvement by a petition signed by the owners of two-thirds of the lineal feet of the lands fronting upon the highway, as authorized by Rem. Code, § 5879-2, and it is not necessary that the petition be signed by two-thirds of the owners of the property to be included within the assessment district.

SAME—ASSESSMENT—METHODS—BENEFITS—ZONE SYSTEM. An assessment of lands not shown to be in excess of the benefits received, is not ipso facto invalid because made by area or by a zone system, under Rem. Code, § 5879-10 fixing three zones on each side of a permanent highway improvement, and specifying the proportion each shall bear of the cost assessed to the property in the district, and providing that each tract or parcel of land in any zone shall be assessed according to the relation of the area thereof to the total area within the zone.

SAME — ASSESSMENT — BENEFITS — FAILURE TO OBJECT. Property owners who did not avail themselves of the opportunity to be heard upon the question of benefits from a permanent highway, assessed under Rem. Code, §5879-1 et seq., and whose lands were not assessed in excess of benefits, cannot maintain an action to enjoin assessment upon the ground that the scope of the hearing on the assessment roll was unduly limited by the statute.

Appeal from a judgment of the superior court for Whatcom county, Pemberton, J., entered July 16, 1917, upon findings in favor of the plaintiffs, in an action to enjoin the collection of an assessment for a permanent highway improvement, tried to the court. Reversed.

[1]Reported in 175 Pac. 309.

*W. P. Brown,* for appellants.
*Brown, Peringer & Thomas,* for respondents.

MITCHELL, J.—Respondents brought this action to have declared void, and to restrain the collection of, assessments levied against their lands for a permanent highway improvement. The trial court, upon issues framed and hearing had, granted all the relief demanded in the complaint. Defendants appeal.

The facts were stipulated and, for the purposes of this case, are as follows: A petition was presented to the board of county commissioners of Whatcom county asking that a part of what is known as the northwest diagonal road be improved by a hard surface driveway. In the petition the board of county commissioners was asked to make a district not more than three miles in width and that fifty per cent of the cost of the improvement be paid by the district, the remainder to be paid out of the permanent highway fund. The petition was signed by the owners of more than two-thirds of the lineal feet of lands, other than lands of the state or of the United States, fronting upon and touching the highway, but the petition was only signed by owners of land actually touching and bordering upon the highway. The total area of the district, three miles in width, is about 9,500 acres, and the petitioners were, and are, the owners of not more than 1,500 acres. In due time, the prayer of the petition was granted and a district three miles in width created, one and one-half miles on each side of the highway. The board of county commissioners caused the highway to be improved. After the highway was constructed, for the purpose of making assessments against the lands in the district, the district was divided longitudinally on each side of the center of the improvement into three subdivisions, each one-half a mile in width, and fifty per cent of the cost

of the improvement was apportioned to the subdivisions as follows: Seven-fifteenths to the first subdivision, five-fifteenths to the second subdivision, and three-fifteenths to the third subdivision and each parcel or tract of land situate within the district and within the respective subdivisions thereof was assessed, to determine the benefits to each parcel of land, by the county engineer according to the relation of the area thereof to the total area within the respective subdivision within which the same was situate; that is to say, the amount to be assessed against each acre of land in each subdivision was found by dividing the total cost apportioned to each subdivision by the number of acres embraced within such subdivision; and by such manner of assessment an acre of land touching and adjoining the highway was assessed the same as another acre of land in the same subdivision, no matter where it was situated. The assessments made in the other subdivisions were made in the same manner.

Prior to the establishment of the district and the making of the improvement, no meeting was had by the board of county commissioners for hearing protests against the establishment of such improvement or against the creation of the district. After the district was created, the improvement made, and the assessment returned, a notice of the meeting of the county commissioners as a board of equalization was published, as required by statute, directing all owners of property affected by such assessment to appear on a day therein specified to make their objections. A meeting of the board of equalization was held pursuant to said notice, and the assessment roll prepared by the county engineer was approved. The respondents, or either of them, did not appear at said meeting or file any protest, or make any oral protest or objections at said time to the assessments levied against their lands.

Respondents herein knew of the proposed construction and improvement of said highway prior to the inception of the work, and knew of its construction as the work progressed. Respondents are the owners of real property situated in the district, and the same was included in the assessment roll. Appellants were threatening to file said assessment roll with the county treasurer at the time of the commencement of this action.

The district was created, improvement made, and assessments levied under the provisions of § 5879-1 *et seq.*, Rem. Code, known as the permanent highway law.

Respondents find fault with the law, however, as understood by the county officers, and mark such disapproval by the following points: (1) That the petition for the improvement should have been signed by the owners of two-thirds of the lands within the district, rather than by only the owners of two-thirds of the lineal feet of the lands, other than lands of the state or of the United States, adjoining and touching upon the highway; (2) that the assessment was made arbitrarily or upon a fundamentally wrong basis, because each parcel of land in any one of the subdivisions was assessed according to the relation of its area to the total area within that subdivision, rather than ratably in proportion to the benefits to each tract within the subdivision; and (3) that, by the terms of the permanent highway law, the scope of the hearing on the assessment roll by the board of equalization is unduly limited to the ascertainment if the official making the assessment has made any clerical error in distributing the assessments according to the basis of area; thus not allowing the property owner to be heard with reference to the matter of benefits as compared with the assessment.

With respect to the whole case, it is to be noticed there is no evidence nor claim that respondents' lands are not benefited by the improvement to the extent of the assessments.

This case, although brought by different parties and landowners, involves the same public improvement and assessment district referred to in the case of *Lindstrom v. McMillan,* 98 Wash. 608, 168 Pac. 463, the opinion in which had not yet been filed at the time the record and briefs in the present case were received by the clerk of this court.

The above-mentioned propositions, one and two, made by respondents were considered by us in the case of *Lindstrom v. McMillan, supra,* and determined adversely to respondents' contentions; but because counsel have now more fully discussed them, we have been led to reexamine them, with the result that we are quite satisfied with that decision.

As to respondents' third point, it appears unnecessary to determine if their claim as to the scope of the law is correct. If it is broad enough to require or permit the property owner to present to the board of equalization the question of benefits, respondents are entitled to no relief in this action, for, confessedly, they did not avail themselves of that plan. On the other hand, if the permanent highway law does not contemplate a hearing by the board of equalization on the subject of benefits as compared with assessments, that fact affords no reason for success to respondents in this suit.

It was well said in *East Hoquiam Co. v. Hoquiam,* 90 Wash. 210, 155 Pac. 754:

"Taxation by special assessment is defensible only upon the theory of corresponding special benefits to the property assessed."

If, in any case, it is proposed by corporate authorities to assess property within an improvement district beyond the amount of special benefits to the property assessed by reason of the improvement, and the law under which such corporate authorities act contains no provision safeguarding the rights of the property owner in the respect mentioned, there is the opportunity, nevertheless, to resort to the courts for such protection and defense. As already observed, this suit presents no such issue.

The judgment is reversed, and the cause remanded with direction to the superior court to enter a judgment to the effect that respondents take nothing by the action.

MAIN, C. J., FULLERTON, PARKER, and TOLMAN, JJ., concur.